**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

U.S. COURT OF APPEALS
RECEIVED
Aug 29, 2025
FIFTH CIRCUIT

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff–Appellee,

v.

TIMOTHY BARTON,

Defendant–Appellant.

No. 25-10871

--------------------------------------

# APPELANT'S OPPOSED MOTION TO STRIKE NOTICE OF APPEARANCE OF RECEIVER'S COUNSEL

Defendant–Appellant Timothy Barton, appearing pro se, respectfully moves this Court under Fed. R. App. P. 12(b), 27, and 29 to strike the Notice of Appearance filed on August 29, 2025 by attorney Craig Alan Carrillo on behalf of the court-appointed Receiver (Doc. 14).

## I. INTRODUCTION

The Receiver is not a party to this appeal. His authority is purely custodial, confined to asset preservation under the district court's order, and does not extend to appellate

litigation. The district court administratively closed this case[1] and entered a stay at the request of the Department of Justice[2]. The Receiver's counsel cannot expand his limited mandate by including himself into appellate proceedings, especially in violation of the stay and at the direct expense of the estate.

This Court should strike the Receiver's notice of appearance because:

1. A receiver is not a party but an officer of the court;
2. The Receiver lacks standing to participate in appellate litigation; and
3. Permitting his appearance would perpetuate fee-driven overreach and drain estate assets.

---

## II. ARGUMENT

### A. Receiver Is Not a Party and Lacks Standing

Federal Rule of Appellate Procedure 12(b) requires counsel of record to file an appearance "for a party." The Receiver is not a party. He is an agent of the district court whose authority extends only to asset preservation. In *Gordon*, 295 U.S. at 37; *First Fin. Grp.*, 645 F.2d at 438 [the sole proper purpose of a prejudgment

[1] See Dkt No 671 in SEC vs Barton 3:22-CV-02118-X
[2] See Dkt No 64 in SEC vs Barton 3:22-CV-02118-X

receivership is to preserve the status quo of estate assets, for the return of a business to the Defendant or for use by the Court in the event that the Plaintiff's claims are successful]. Here, no statute authorizes the Receiver to appear in this appeal. His filing is therefore ultra vires.

**B. Judge's Order on Appeal Means Judge's Officer Cannot Appear**

If the receiver, appointed by the district court and funded from the estate, is allowed to appear as appellee, then essentially the judge's own hand-picked officer is advocating to defend the judge's order currently under appeal. That is structurally improper, appellate review is supposed to test the lower court's judgment impartially, not permit the lower court to send its own representative to argue for affirmance.

**C. Case Is Administratively Closed and Stayed**

The district court administratively closed the case and entered a DOJ-requested stay. Under Landis v. North American Co., 299 U.S. 248, 254 (1936), a stay divests courts of power to proceed further. Permitting the Receiver to appear in this Court despite the stay impermissibly revives litigation and directly contravenes the stay's purpose.

**D. Equitable Powers Are Narrowly Confined**

The Supreme Court has repeatedly cautioned that equitable receiverships are "an extraordinary remedy" and must be narrowly confined.

- Grupo Mexicano de Desarrollo v. Alliance Bond Fund, 527 U.S. 308, 322–23 (1999): equitable remedies cannot be extended beyond traditional limits.

By filing an appearance here, the Receiver has crossed the line from neutral custodian to adversary, exceeding the equitable limits recognized by the Supreme Court.

**E. Receiver's Appearance Wastes Estate Assets**

Every filing by Receiver's counsel creates billing obligations payable from estate funds, even though no party requested his participation and the case is stayed. This Court has authority to curb such abuses. The Receiver's entry here serves no purpose except to perpetuate billing and must be struck.

**F. Procedural Safeguards Exist—Amicus Curiae**

If the Receiver believes his views are relevant, the proper mechanism is not a notice of appearance, but a motion for leave to appear as amicus curiae under Fed. R. App. P. 29. Any such participation must be expressly authorized by this Court and limited to non-adversarial briefing, with no estate funds expended absent prior approval.

## III. RELIEF REQUESTED

For the foregoing reasons, Defendant–Appellant Timothy Barton respectfully requests that this Court:

1. Strike the Notice of Appearance of Craig Alan Carrillo (Doc. 14) from the docket and confirm that the Receiver is not a party to this appeal and may not appear absent express leave of Court; and

2. In the alternative, limit any Receiver participation to amicus curiae status only, requiring compliance with Fed. R. App. P. 29 and prohibiting billing to the estate absent prior authorization.

Respectfully submitted,

/s/ Timothy Barton
Timothy Barton, Pro Se
1846 E Rosemeade Pkwy, #232,
Carrollton, TX 75007, USA
Email: Timothy.Barton@proton.me
August 29, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 29 day of August, 2025, a true and correct copy of the foregoing Motion to Strike, together with the attached Affidavit of Timothy Barton and Proposed Order, was served via the Court's CM/ECF electronic filing system upon all registered counsel of record, including counsel for the Securities and Exchange Commission and the Receiver.

Executed on this _29_ day of August, 2025.

/s/ Timothy Barton
Timothy Barton, Pro Se

## CERTIFICATE OF CONFERENCE

(Pursuant to 5th Cir. R. 27.4)

On August 29, 2025, I conferred by email with counsel for the Securities and Exchange Commission and with counsel for the Receiver regarding the relief requested in this Motion. Counsel for the Securities and Exchange Commission stated that the Commission opposes the Motion. Counsel for the Receiver likewise stated that the Receiver opposes the Motion.

Respectfully submitted,

*/s/ Timothy Barton*
Timothy Barton, Pro Se

**CERTIFICATE OF COMPLIANCE**

(Pursuant to Fed. R. App. P. 32(g)(1))

I certify that this Motion has been prepared in a proportionally spaced typeface using 14-point Times New Roman font. The Motion contains fewer than 5,200 words, excluding the parts of the Motion exempted by Fed. R. App. P. 32(f).

Respectfully submitted,

*/s/ Timothy Barton*
Timothy Barton, Pro Se

# EXHIBIT 1

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff–Appellee,

v.

TIMOTHY BARTON,
Defendant–Appellant.

No. 25-10871

--------------------------------------

**[PROPOSED] ORDER**

Upon consideration of Defendant–Appellant Timothy Barton's Motion to Strike the Notice of Appearance of Receiver's Counsel, and the Court being fully advised,

**IT IS ORDERED** that the Notice of Appearance filed by Craig Alan Carrillo on August 29, 2025 (Doc 14), on behalf of the Receiver, is hereby STRICKEN from the docket.

**IT IS FURTHER ORDERED** that the Receiver is not a party to this appeal and may not appear absent express leave of Court. Any participation shall be limited to amicus curiae status under Fed. R. App. P. 29, with no compensation from estate assets absent prior authorization of this Court.

SO ORDERED.

Dated: _____________, 2025

____________________________________
Judge, United States Court of Appeals
for the Fifth Circuit

# EXHIBIT 2

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff-Appellee,

v.

TIMOTHY BARTON,
Defendant-Appellant.

No. 25-10871

---

**DECLARATION OF TIMOTHY BARTON IN**
**SUPPORT OF MOTION TO STRIKE NOTICE OF APPEARANCE**

I, Timothy Barton, declare as follows:

1. I am the Defendant-Appellant in this matter, proceeding pro se. I make this declaration 28 U.S.C. § 1746 in support of my Motion to Strike the Notice of Appearance filed by Mr. Craig Alan Carrillo on August 29, 2025, on behalf of the court-appointed Receiver.

2. The underlying SEC v. Barton case in the Northern District of Texas was administratively closed by order of the district court. Attached hereto as Appendix A is a true and correct copy of the Administrative Closure Order.

3. That case is also subject to an active Department of Justice stay, which was granted to prevent the civil proceedings from interfering with the DOJ's parallel criminal prosecution. Attached hereto as Appendix B is a true and correct copy of the DOJ Stay Order.

4. On August 29, 2025, Mr. Carrillo filed a Notice of Appearance in this Court purporting to appear as counsel for the Receiver. Attached hereto as Appendix C is a true and correct copy of that Notice of Appearance.

5. The Receiver is not a party to this case, and no order has granted the Receiver standing to appear in this Court.

6. Because the case is both closed and stayed, the Receiver's attempt to appear serves no legitimate purpose, and instead creates unnecessary billing at the expense of estate funds.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 29, 2025, at Dallas, Texas.

*/s/ Timothy Barton*
Timothy Barton, Pro Se

# APPENDIX A

**Pinder, Bhronda**

| | |
|---|---|
| **From:** | ecf_txnd@txnd.uscourts.gov |
| **Sent:** | Thursday, August 7, 2025 12:48 PM |
| **To:** | Courtmail@txnd.uscourts.gov |
| **Subject:** | Activity in Case 3:22-cv-02118-X Securities and Exchange Commission v. Barton et al Order |

**This Message Is From An External Sender**
Hunton Andrews Kurth warning: This message came from outside the firm.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

**U.S. District Court**

**Northern District of Texas**

## Notice of Electronic Filing

The following transaction was entered on 8/7/2025 at 11:48 AM CDT and filed on 8/7/2025

| | |
|---|---|
| **Case Name:** | Securities and Exchange Commission v. Barton et al |
| **Case Number:** | 3:22-cv-02118-X |
| **Filer:** | |
| **Document Number:** | 671(No document attached) |

**Docket Text:**
**ELECTRONIC ORDER: In light of the 5.5 month continuance recently granted in Barton's related criminal case, which must resolve before this case can, the Court ADMINISTRATIVELY CLOSES this matter. This order does not prevent any party from making appropriate filings in this case. (Ordered by Judge Brantley Starr on 8/7/2025) (chmb)**

# APPENDIX B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (a/k/a MICHAEL FU),<br>STEPHEN T. WALL,<br><br>*Defendants*,<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>*Relief Defendants*. | § | Civil Action No. 3:22-cv-2118-X |

**ORDER GRANTING MOTION TO INTERVENE AND STAY PROCEEDINGS**

Before the Court is the Government's Motion to Intervene and Stay Proceedings. [Doc. No. 44]. After careful consideration, the Court finds that the motion should be, and hereby is, **GRANTED.**

The Court therefore **ORDERS** that this proceeding is stayed until otherwise ordered by the Court. Nothing in this Order shall preclude the Court-appointed

Receiver from performing the duties and obligations, and from exercising the powers and rights, set forth in the Court's Order Appointing Receiver.[1]

**SO ORDERED**, this 16th day of November, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[1] Doc. No. 29.

# APPENDIX C

Case: 25-10871 Document: 164 Page: 19 Date Filed: 08/29/2025

**NOTICE OF FORM FOR APPEARANCE** (See Fifth Cir. Rule 12)

*Only attorneys admitted to the Bar of this Court may practice before the Court.* ***Each attorney representing a party must complete a separate form. (COMPLETE ENTIRE FORM unless otherwise noted).***

**Fifth Cir. Case NO.** 25-10871

Securities and Exchange Commission vs. Timothy Barton

(Short Title)

The Clerk will enter my appearance as Counsel for Cortney Christopher Thomas

(Please list names of all parties represented, attach additional pages if necessary.)

**The party(s) I represent IN THIS COURT**

☐ Petitioner(s) ☐ Respondent(s) ☐ Amicus Curiae

☐ Appellant(s) ☑ Appellee(s) ☐ Intervenor

☑ I certify that the contact information below is current and identical to that listed in my Appellate Filer Account with PACER.

/s/ C. Alan Carrillo (Signature)

alan@brownfoxlaw.com (e-mail address)

C. Alan Carrillo (Type or print name)

24109693 (State/Bar No.)

(Title, if any)

Brown Fox PLLC (Firm or Organization)

Address 8111 Preston Road, Suite 300

City & State Dallas, Texas Zip 75225

Primary Tel. 214-327-5000 Cell Phone: ________ (Optional)

**NOTE:** When more than one attorney represents a single party or group of parties, counsel should designate a lead counsel. In the event the court determines oral argument is necessary, lead counsel **only** will receive via e-mail a copy of the court's docket and acknowledgment form. Other counsel must monitor the court's website for the posting of oral argument calendars.

**Name of Lead Counsel:**

A. Name of any Circuit Judge of the Fifth Circuit who participated in this case in the district or bankruptcy court.

B. Inquiry of Counsel. To your knowledge:

(1) Is there any case now pending in this court, which involves the same, substantially the same, similar or related isssue(s)?

☑ Yes ☐ No

(2) Is there any such case now pending in a District Court (i) within this Circuit, or (ii) in a Federal Administrative Agency which would likely be appealed to the Fifth Circuit?

☐ Yes ☑ No

(3) Is there any case such as (1) or (2) in which judgment or order has been entered and the case is on its way to this Court by appeal, petition to enforce, review, deny?

☐ Yes ☑ No

(4) Does this case qualify for calendaring priority under 5th Cir. R. 47.7? If so, cite the type of case No

If answer to (1), or (2), or (3), is yes, please give detailed information. Number and Style of Related Case:

SEC v. Barton, 24-10788

Name of Court or Agency

Status of Appeal (if any)

Other Status (if not appealed)

**NOTE: Attach sheet to give further details.**