# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
Sep 09, 2025
FIFTH CIRCUIT

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff–Appellee,

v.

TIMOTHY BARTON,

Defendant–Appellant.

No. 25-10871 -------------------------------------

## MOTION TO REINSTATE APPEAL

Defendant–Appellant Timothy Barton respectfully moves this Court to reinstate his appeal, which was dismissed under 5th Cir. R. 42 for non-payment of the filing fee. The fee has now been paid; the brief delay was neither willful nor prejudicial; and reinstatement accords with this Court's equitable discretion to decide cases on the merits.

## I. BACKGROUND

On September 5, 2025, Appellant's assistant inquired—and promptly confirmed with the Clerk—that the filing fee remained due. At that time, Appellant was in Houston and unable to attend to the matter personally. Upon returning to Dallas over the weekend, his first order of business was to pay the fee in full. Appellant did not receive formal notice of the due date; once aware, he immediately cured the deficiency.

# II. REASON AND GROUNDS FOR RELIEF

Because the fee default was neither willful nor prejudicial and has been cured, reinstatement is appropriate pursuant to 5th Cir. R. 42.3.2 and 42.4.

i. **No Notice to Pro Se Litigant:** The district court did not provide any notice to the pro se applicant, Mr. Barton—no mailing, email, or CM/ECF service—of the filing deficiency or any related docket activity. The deficiency was discovered only at the time of inquiry, whereupon the Clerk uncovered the restricted notice and the matter was immediately cured by payment. Any delay was inadvertent, non-willful, and promptly remedied once the concealed notice came to light.

ii. **Good cause and excusable neglect:** The non-payment was the product of miscommunication and lack of formal notice—not indifference to the rules. Appellant acted diligently once informed, and the delay was brief.

iii. **No prejudice; minimal delay:** The Clerk's administrative dismissal did not implicate the merits, and reinstatement will not prejudice Appellee. The equities favor resolving appeals on their merits rather than by an inadvertent procedural lapse.

iv. **Prompt cure; continuing compliance.** The defect is fully cured, and Appellant stands ready to comply with all deadlines and directives that follow reinstatement.

As soon as Appellant was informed and returned to town, the filing fee was paid on September 8, 2025 [receipt attached as Exhibit]. This payment was made

promptly upon discovery of the oversight, and the delay was not intentional or willful.

## III. CONCLUSION & PRAYER

For the reasons stated above, Appellant respectfully requests that this Court reinstate the appeal and proceed with the case in accordance with the applicable rules and procedures.

Respectfully submitted,

*/s/ Timothy Barton*
Timothy Barton, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2025, a true and correct copy of the foregoing Motion to Reinstate Appeal, was served via the Court's CM/ECF electronic filing system upon all registered counsel of record, including counsel for the Securities and Exchange Commission.

Executed on this _9_ day of September, 2025.

*/s/ Timothy Barton*
Timothy Barton, Pro Se

COURTS USDC-TX-N-DA
COMMERCE ST STE 145
2
DALLAS,TX 75242
2147532204

SALE

REF#: 00000003
251001 RRN: 600100002
14:15:22

DE: 00841R
Contactless
*2857 **/**

NT $605.00

APPROVED

0001523010
00 00 80 00
0

CUSTOMER COPY

Page 1/1

# U.S. District Court

## Texas Northern - Dallas

Receipt Date: Sep 8, 2025 3:14PM

Trans. Date: Sep 8, 2025 3:14PM

Cashier ID: #KM (6781)

| | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|
| Docketing Fee | FBO: Timothy Barton | 1 | 605.00 | 605.00 |

| | Amt |
|---|---|
| | $605.00 |
| Total Due Prior to Payment: | $605.00 |
| Total Tendered: | $605.00 |
| Total Cash Received: | $0.00 |

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

Generated: Sep 8, 2025 3:14PM

Page 1/1

# U.S. District Court

## Texas Northern - Dallas

Receipt Date: Sep 8, 2025 3:14PM

Timothy Barton

Rcpt. No: 300019700

Trans. Date: Sep 8, 2025 3:14PM

Cashier ID: #KM (6781)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 203 | Notice of Appeal/Docketing Fee | **FBO**: Timothy Barton | 1 | 605.00 | 605.00 |

| CD | Tender | Amt |
|---|---|---|
| CC | Credit Card | $605.00 |
| | Total Due Prior to Payment: | $605.00 |
| | Total Tendered: | $605.00 |
| | Total Cash Received: | $0.00 |

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.