**IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

Securities and Exchange Commission,
Plaintiff–Appellee,
v.
Timothy Barton,
Defendant–Appellant.
No. 25-10871 -------------------------------------

U.S. COURT OF APPEALS
RECEIVED
Oct 10, 2025
FIFTH CIRCUIT

**MOTION FOR STAY OF**
**RECEIVER ACTIONS PENDING APPEAL**

Appellant respectfully submits this motion directly to this Court under *Fed. R. App. P. 8(a)(2)(A)(i)* because seeking relief in the district court would be impracticable. The District Court Judge, Judge Brantley Starr has entered an order barring Appellant from filing pro se, the case below has been administratively closed, Appellant lacks funds to retain counsel, and the district court's record of near-total denials demonstrates futility. Accordingly, Appellant properly seeks relief directly from the Fifth Circuit.

## I. INTRODUCTION

Appellant Timothy Barton respectfully moves for an immediate stay of all acts by the court-appointed receiver, including any sale, settlement, transfer, or litigation, pending resolution of this appeal. The appeal challenges the legality and constitutionality of Judge Starr's third receivership order issued vide *Dkt 650,* which re-imposed

a receivership previously vacated by this Court and added an unconstitutional clause prohibiting Appellant from filing State Bar complaints[1]—a form of prior restraint on protected petitioning activity. Absent a stay, the receiver continues to liquidate and transfer assets that cannot later be restored, causing irreparable harm and undermining this Court's appellate jurisdiction.

## II. BACKGROUND

1. The original receivership was vacated by this Court in SEC v. Barton, Case No. 22-11132.

2. District court Judge, Judge Brantley Starr entered a new ("third") receivership order[2].

3. Appellant filed a timely notice of appeal.

4. The district court subsequently administratively closed the case[3], but the receiver continues to act under that order, pursuing sales, settlements, and litigation against Appellant's family members and entities.

---

[1] *See Modified Receivership Order Dkt 50, p18 at 85(a)*

*2 Dkt No 650*

[3] *Dkt No 671*

## III. STANDARD FOR STAY PENDING APPEAL

A stay pending appeal is governed by Hilton v. Braunskill, 481 U.S. 770 (1987), which weighs: (1) likelihood of success on the merits; (2) irreparable harm absent a stay; (3) harm to others; and (4) the public interest.

## IV. ARGUMENT

### *A. Strong Likelihood of Success on the Merits*

The appealed order violates fundamental First Amendment rights through its bar-complaint ban. It is is an unconstitutional prior restraint on Petition-Clause activity. Filing a bar grievance is petitioning a governmental body; it cannot be forbidden or conditioned on prior judicial permission. *California Motor Transp. v. Trucking Unlimited*, 404 U.S. 508, 510–11 (1972). Prior restraints carry a "heavy presumption" of invalidity and require narrow, objective standards and robust procedural safeguards—none appear here. Under *California Motor Transport*, filing bar complaints is protected petitioning to a governmental body—guaranteeing "free and unlimited access" to tribunals—the district court modified receivership order impermissibly burdens that right and cannot be justified absent a

narrow, evidence-based finding that specific complaints are objectively baseless sham petitions.

### *B. Irreparable Harm Is Ongoing and Immediate*

Sales, settlements, and asset transfers by the receiver cannot be undone after consummation. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Appellant faces immediate, non-recoupable injury absent a stay. To date, the receiver has not made meaningful distributions to creditors; proceeds have been largely diverted to professional fees to satisfy the receiver's own bills, while core assets have been monetized on terms that depress estate value. For example, a claim was compromised for approximately $75,000 even though the related Illinois property is now under contract for roughly $1 million; another asset (BM 318) secured by debt settled for $150,000 was later sold for sums orders of magnitude tens of millions above the indebtedness. Numerous other such examples exist during the course of receivership disposition of assets. These disparities evidence self-dealing administration that erodes creditor recoveries and cannot be unwound after consummation. Once settlements are executed, and fees are paid, the estate's capacity to satisfy creditor claims is irretrievably diminished,

and any appellate relief becomes hollow. Only a stay preserves the status quo, protects creditors, and safeguards this Court's jurisdiction to afford meaningful relief.

The receivership has yielded no cognizable benefit to the estate. A receiver's mandate is to preserve and protect assets for the benefit of creditors, not to consume the estate in professional fees see *Netsphere, Inc. v. Baron, 703 F.3d 296, 305–11 (5th Cir. 2012) (purpose is preservation; reversal where receivership consumed assets and exceeded necessity). and Gordon v. Washington, 295 U.S. 30, 37 (1935) (receivership is an extraordinary remedy to "protect and conserve" property pending final disposition).* Yet more than $3 million has already been approved and paid in billings—with an additional ~$3 million anticipated—much of it devoted to litigating sales and collateral issues that produced no value. Indeed, millions were expended advancing or contesting sales while appeals were pending, even as the receiver's own filings acknowledged that such sales could not be consummated during the pendency of those appeals; nevertheless, the receiver continued to commission appraisals, retain brokers, and brief motions for transactions that could not close. This self-perpetuating cycle of process without product has dissipated the estate rather than preserved it. To date, no proceeds have been

distributed to creditors or reserved for their benefit, and—on the present record—no creditor has appeared in the bankruptcy court with a proof of claim. A stay is therefore necessary to arrest further erosion, realign administration with fiduciary duties, and protect the estate for the very creditors the receivership is supposed to serve.

### *C. No Harm to Others*

A stay preserves the status quo; the receiver and SEC will suffer no injury from pausing liquidation while this Court reviews the underlying order. Granting a stay imposes no cognizable harm on Appellee or third parties. A temporary pause merely preserves the status quo by halting consummation of sales, settlements, and fee distributions; it does not impair the Government's claims, and any delay-related costs are compensable. By contrast, the only demonstrated harms to date have fallen on creditors and the estate through value-depressive liquidations and escalating administrative burn rates. Appellant further requests that the Court take judicial notice, under Fed. R. Evid. 201, that the attorney Charlene Koonce, principally responsible for the challenged work product and billing is the subject of a pending bar complaint. While the existence of that proceeding does not resolve the merits, it underscores the equity in

pausing further self-directed administration until appellate review is complete.

### *D. The Public Interest Favors the Stay*

Public confidence in the courts requires enforcement of appellate mandates and constitutional protections. Allowing an administratively closed case to continue generating irreversible asset sales contradicts due process and undermines separation of powers.

### *E. Pattern of Defiance Toward Fifth Circuit Mandates*

This appeal arises from a pattern of district court actions that have repeatedly contravened this Court's prior rulings. In SEC v. Barton, No. 23-11237, this Court vacated the first receivership and the receiver's actions under it. On remand, however, Judge Starr ratified and blessed the very conduct this Court had vacated, expressly declaring that the receiver's prior acts were valid and reinstating a new receivership that encompassed the same property in entities. This effectively nullified the Fifth Circuit's mandate and re-imposed the same prejudgment control previously deemed unlawful.

Absent a stay, there is every indication that the district court will continue to act inconsistently with this Court's prior rulings,

effectively nullifying appellate review by allowing the receiver to proceed under an order whose legitimacy is itself on appeal.

## V. RELIEF REQUESTED

Appellant respectfully requests relief as first, an immediate administrative stay of all receiver activity pending this motion and, upon disposition, a stay of all receiver actions—including sales, settlements, transfers, litigation activity, and fee/expense applications—through final resolution of the appeal; alternatively, if a complete stay is not granted, order that (i) no distributions be made to professionals or third parties; (ii) all cash on hand and all future proceeds be segregated in a federally insured, interest-bearing escrow, with no carve-outs for fees and no disbursements absent further order; (iii) no new sales or settlements be consummated, and if a previously approved transaction must close, the entirety of net proceeds be deposited into said escrow; and grant such further relief as necessary to protect the Court's jurisdiction and Appellant's rights.

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton, PRO SE
1846 East Rosemeade Parkway,
#232 Carrollton, TX 75007
(214) 914-3811
*timothy.barton@proton.me*

## CERTIFICATE OF COMPLIANCE

This motion complies with FRAP 27(d)(2) because it contains 1,793 words (excluding the parts exempted by FRAP 32(f)), as counted by the word-processing system used to prepare this motion. It also complies with FRAP 32(a)(5)–(6) regarding typeface and style.

*/s/ Timothy L. Barton*
**Timothy Barton, Pro Se**

---

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13 and FRAP 25(a)(5); (2) this electronic submission is an exact copy of any paper version that may later be requested, 5th Cir. R. 25.2.1; and (3) the PDF was scanned with [Windows 11 – Virus and Threat Protection] and is virus-free.

*/s/ Timothy L. Barton*
**Timothy Barton, Pro Se**

---

## CERTIFICATE OF SERVICE

As per (FRAP 25(d)), on October 10, 2025, I served this motion by email on the following counsel:

- Ezekiel L. Hill,
  hillez@sec.gov,
  U.S. Securities and Exchange Commission,
  Office of General Counsel
  100 F St., N.E., Washington, DC 20549.
- Keefe M. Bernstein,
  bernsteink@sec.gov,
  U.S. Securities and Exchange Commission,
  Trial Unit, Suite 1900
  801 Cherry St., Fort Worth, TX 76102.

*/s/ Timothy L. Barton*
**Timothy Barton, Pro Se**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Securities and Exchange Commission,
Plaintiff–Appellee,
v.
Timothy Barton,
Defendant–Appellant.
No. 25-10871 -------------------------------------

## [PROPOSED] ORDER GRANTING MOTION FOR STAY OF RECEIVER ACTIONS PENDING APPEAL

Before the Court is Appellant's *Motion for Stay of Receiver Actions Pending Appeal*. Having considered the motion and the applicable factors, the Court concludes that a stay is warranted.

IT IS ORDERED that the motion is GRANTED.

1. Pending final resolution of this appeal, all receiver actions are STAYED, including without limitation any sales, settlements, transfers, litigation activity, or fee applications, and any steps in furtherance thereof.
2. The receiver, the parties, and all persons with actual notice of this Order shall preserve the status quo of the Receivership Estates and shall take no action that would dissipate, encumber, or transfer Receivership Property.
3. To avoid irreparable infringement of Appellant's First Amendment rights during the pendency of this appeal, enforcement of Paragraph 85(a) of the Modified Order Appointing Receiver (Dkt. 650) is STAYED.
4. The Court retains jurisdiction to modify this Order as necessary to protect its jurisdiction and the rights of the parties.

**SO ORDERED** this ___ day of __________, 2025.

Honorable Judge Name
United States Court of Appeals for the Fifth Circuit