**No. 25-10871**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

TIMOTHY BARTON,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-cv-02118-X

---

# APPELLEE SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MOTION FOR STAY PENDING APPEAL

---

EZEKIEL L. HILL
*Appellate Counsel*
Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724
hillez@sec.gov

## CERTIFICATE OF INTERESTED PERSONS

*Securities and Exchange Commission v. Timothy Barton*,
No. 25-10781

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. 126 Villita LLC, receivership entity;
2. 2999 Acquisitions, LLC (Delaware), entity subject to preliminary injunction;
3. 2999 Middlebury, LLC (Delaware), entity subject to preliminary injunction;
4. 2999 Roxbury, LLC (Delaware), entity subject to preliminary injunction;
5. 2999TC Acquisitions, LLC, receivership entity;
6. 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC, entity subject to preliminary injunction;
7. 2999TC Founders, LLC (Delaware), entity subject to preliminary injunction;
8. 2999TC JMJ CMGR, LLC (Delaware), receivership entity;

9. 2999TC JMJ Equity, LLC, entity subject to preliminary injunction;

10. 2999TC JMJ MGR, LLC (Delaware), entity subject to preliminary injunction;

11. 2999TC JMJ, LLC (Delaware), entity subject to preliminary injunction;

12. 2999TC JMJ, LLC (Texas), entity subject to preliminary injunction;

13. 2999TC LP, LLC (Delaware), entity subject to preliminary injunction;

14. 2999TC MM, LLC, entity subject to preliminary injunction;

15. 2999TC MZ, LLC (Delaware), entity subject to preliminary injunction;

16. 3820 Illinois, LLC, interested party;

17. Ackerman LLP, counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

18. Adam and Reese LLP, counsel for interested party Bank of America, N.A.;

19. Aledo TX, LLC, receivership entity;

20. AVEG WW, LLC (Delaware), entity subject to preliminary injunction;

21. AVG West, LLC, receivership entity;

22. Badgley, Serena, interested party;

23. Bank of America, N.A., interested party;

24. Barton, Maximilien, interested party;

25. Barton, Timothy, defendant-appellant;

26. Barton Texas Water District, LLC, entity subject to preliminary injunction;

27. Barton Water District, LLC (Delaware), entity subject to preliminary injunction;

28. Baum, Nathan B., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

29. BEE2019, LLC, receivership entity;

30. Berger, Jeffrey A., counsel for plaintiff-appellee Securities and Exchange Commission;

31. Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission;

32. BC Acquisitions, LLC (Delaware), entity subject to preliminary injunction;

33. Bird, Douglas S., counsel for interested party City of Frisco, Texas;

34. BM318 LLC, receivership entity;

35. Broadview Holdings Trust, receivership entity;

36. Brown Fox PLLC, counsel for receiver Cortney C. Thomas;

37. BSJ Trading, LLC, entity subject to preliminary injunction;

38. Buchholz, Robert W., counsel for interested party Southern Star Capital, LLC;

39. BUILD VIOLET, LLC, entity subject to preliminary injunction;

40. Butler Snow LLP, counsel for interested party Louisiana National Bank;

41. Cain & Skarnulis PLLC, counsel for interested party Serena Badgley;

42. Capps, Aaron T., counsel for interested party Circle H Contractors LP;

43. Capps and Associates PLLC, counsel for interested party Circle H Contractors LP;

44. Carnegie Development, LLC, defendant and receivership entity;

45. Carnegie Finance, LLC, entity subject to preliminary injunction;

46. Carrillo, C. Alan, counsel for receiver Cortney C. Thomas;

47. Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia;

48. Chandler Law PC, counsel for interested party Dhiraj Ramolia;

49. Chandler, Corinna P., counsel for interested party Dhiraj Ramolia;

50. Chapple, Ryan E., counsel for interested party Serena Badgley;

51. Cheves, P. Kyle, counsel for interested party McCormick 101, LLC;

52. Circle H Contractors LP, interested party;

53. City of Frisco, Texas, interested party;

54. Clem, David M., counsel for interested party Truist Bank;

55. Condo Towers GP, LLC, entity subject to preliminary injunction;

56. Cooke, Chris, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

57. Crow, Daniel, interested party;

58. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

59. CYNKFP, LLC, entity subject to preliminary injunction;

60. D4AT, LLC, entity subject to preliminary injunction;

61. D4AVEG, LLC, entity subject to preliminary injunction;

62. D4BM, LLC, entity subject to preliminary injunction;

63. D4BR, LLC (Texas), entity subject to preliminary injunction;

64. D4DS LLC, receivership entity;

65. D4FR LLC, receivership entity;

66. D4IN, LLC (Texas), receivership entity;

67. D4KL LLC, receivership entity;

68. D4MC, LLC (Texas), receivership entity;

69. D4OP, LLC, receivership entity;

70. D4OPM, LLC, entity subject to preliminary injunction;

71. D4SMC, LLC, entity subject to preliminary injunction;

72. D4WP, LLC, entity subject to preliminary injunction;

73. Dallas Real Estate Investors, LLC, entity subject to preliminary injunction;

74. Dallas Real Estate Lenders, LLC (Delaware), entity subject to preliminary injunction;

75. Dallas Real Estate Management, LLC, entity subject to preliminary injunction;

76. Dentons US LLP, counsel for interested party McCormick 101, LLC;

77. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC;

78. DJD Land Partners, LLC, relief defendant and receivership entity;

79. DLP Real Estate Capital, Inc., interested party;

80. DLP Winter Haven Ventures, LLC, interested party;

81. Edney, Michael J., counsel for defendant-appellant Timothy Barton;

82. Enoch Investments LLC, receivership entity;

83. FHC Acquisition LLC, receivership entity;

84. Finnell, Jeffrey B., counsel for plaintiff-appellee Securities and Exchange Commission;

85. First Development Company of Ohio, LLC, interested party;

86. Five Star GM, LLC (Delaware), entity subject to preliminary injunction;

87. Five Star MM, LLC (Delaware), entity subject to preliminary injunction;

88. Five Star MM, LLC (Texas), entity subject to preliminary injunction;

89. Five Star TC, LLC (Delaware), entity subject to preliminary injunction;

90. Food & Leverage Real Estate, LLC (Delaware), entity subject to preliminary injunction;

91. Fu, Haoqiang, defendant;

92. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

93. Gillespie Villas LLC, receivership entity;

94. Gitlin, Jonathan, counsel for interested party First Development Company of Ohio;

95. Glenwood (18340) Property, LLC (Delaware), entity subject to preliminary injunction;

96. Goldmark Hospitality LLC, receivership entity;

97. Green, Gordon W., counsel for interested party Truist Bank;

98. Hale, Hon. Harlin, mediator;

99. Hamilton, Dennis S., counsel for interested party McCormick 101, LLC;

100. Heiskell, Michael P., counsel for defendant Stephen T. Wall;

101. Hicks, Jr., George W., counsel for counsel for interested party HNGH Turtle Creek, LLC;

102. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission;

103. HNGH Turtle Creek, LLC, interested party;

104. Hopper, James F., counsel for receiver Cortney C. Thomas;

105. HR Sterling, LLC, receivership entity;

106. Hunter, Renee M., counsel for intervenor United States of America;

107. Hunton Andrews Kurth LLP, counsel for defendant-appellant Timothy Barton;

108. Illuminate Dallas, LLC (Texas), entity subject to preliminary injunction;

109. JB Special Asset, LLC, entity subject to preliminary injunction;

110. JMJ Acquisitions LLC, receivership entity;

111. JMJ Acquisitions Mgmt, LLC, entity subject to preliminary injunction;

112. JMJ Aviation, LLC (Texas), entity subject to preliminary injunction;

113. JMJ BLUES TX, LLC, entity subject to preliminary injunction;

114. JMJ Blues, LLC, entity subject to preliminary injunction;

115. JMJ Centre, LLC, entity subject to preliminary injunction;

116. JMJ Development Brasil, LTDA, entity subject to preliminary injunction;

117. JMJ Development Fund, entity subject to preliminary injunction;

118. JMJ Development Fund, Inc, entity subject to preliminary injunction;

119. JMJ Development LLC, receivership entity;

120. JMJ EB5 Fund GP, LLC (Delaware), entity subject to preliminary injunction;

121. JMJ EB5 Fund, LP (Delaware), entity subject to preliminary injunction;

122. JMJ Holdings, LLC, entity subject to preliminary injunction;

123. JMJ Holdings US, LLC, entity subject to preliminary injunction;

124. JMJ Holdings USA, Inc, entity subject to preliminary injunction;

125. JMJ Home Building Inc (Nevada), entity subject to preliminary injunction;

126. JMJ Hospitality General Trading FZE, entity subject to preliminary injunction;

127. JMJ Hospitality, LLC, receivership entity;

128. JMJ Hospitality UAE, entity subject to preliminary injunction;

129. JMJ Investments Limited, entity subject to preliminary injunction;

130. JMJ Land Acquisition, Inc (Nevada), entity subject to preliminary injunction;

131. JMJ Land Development, Inc (Nevada), entity subject to preliminary injunction;

132. JMJ Land Venture, LLC, entity subject to preliminary injunction;

133. JMJ Mezzanine, Inc (Nevada), entity subject to preliminary injunction;

134. JMJ MF Development, LLC, entity subject to preliminary injunction;

135. JMJ Multifamily, Inc (Nevada), entity subject to preliminary injunction;

136. JMJ Offshore, LTD, entity subject to preliminary injunction;

137. JMJ Regional Center, LLC (Delaware), entity subject to preliminary injunction;

138. JMJ Residential, LLC, entity subject to preliminary injunction;

139. JMJ Valley Center, LLC, entity subject to preliminary injunction;

140. JMJ VC Management, LLC, receivership entity;

141. JMJAV, LLC, receivership entity;

142. JMJ148, LLC (Texas), entity subject to preliminary injunction;

143. JMJD4, LLC, entity subject to preliminary injunction;

144. JMJD4, LLC (Delaware), receivership entity;

145. JMJD4Allensville, LLC, entity subject to preliminary injunction;

146. JMJDWG, LLC (Texas), entity subject to preliminary injunction;

147. JMJKH, LLC, entity subject to preliminary injunction;

148. JMR100 LLC, receivership entity;

149. Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall;

150. Johnston, Kenneth C., counsel for interested party Truist Bank;

151. Johnston Clem Giffod PLLC, counsel for interested party Truist Bank;

152. Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC;

153. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC;

154. Kearns, David T., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

155. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek, LLC;

156. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC;

157. Koonce, Charlene C., counsel for receiver Cortney C. Thomas;

158. LaJolla Construction Management LLC, receivership entity;

159. LC Aledo TX, LLC, receivership entity;

160. LDG001, LLC, relief defendant and receivership entity;

161. Lesser, Joshua A., counsel for interested party Bank of America, N.A.;

162. Light, Barbara, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

163. Louisiana National Bank, interested party;

164. Lumar Land & Cattle, LLC, interested party;

165. Lynco Ventures, LLC, receivership entity;

166. Lynn Investments, LLC, entity subject to preliminary injunction;

167. Mansion Apartment Homes at Marine Creek, LLC, receivership entity;

168. Marine Creek SP, LLC, receivership entity;

169. Marine Creek Ventures, LLC, interested party;

170. McCormick 101, LLC, interested party;

171. MCFW, LLC, entity subject to preliminary injunction;

172. MCRS2019, LLC (Texas), entity subject to preliminary injunction;

173. MF Container, LLC (Delaware), entity subject to preliminary injunction;

174. MFO Venus Development, LLC, interested party;

175. Middlebury Trust, entity subject to preliminary injunction;

176. MMCYN, LLC, entity subject to preliminary injunction;

177. MO 2999TC, LLC, receivership entity;

178. Moeller, Evan A., counsel for interested party Bank of America, N.A.

179. Moss & Associates, LLC, interested party;

180. Munsch Hardt Kopf & Harr, P.C., counsel for interested party The Dixon Water Foundation;

181. MV9490 Land Lot, LLC, entity subject to preliminary injunction;

182. MV9490 Management, LLC, entity subject to preliminary injunction;

183. MV9490, LLC, entity subject to preliminary injunction;

184. MXBA, LLC, entity subject to preliminary injunction;

185. MXBA Managed, LLC, entity subject to preliminary injunction;

186. MXBA Services, LLC, entity subject to preliminary injunction;

187. Napoli, Michael D., counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

188. Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC;

189. Nicholson, Jill L., counsel for interested party McCormick 101, LLC;

190. Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.;

191. Northstar 114, LLC (Delaware), entity subject to preliminary injunction;

192. Northstar PM, LLC (Delaware), receivership entity;

193. Norton Rose Fulbright US LLP, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

194. O'Connell, Sean B., counsel for defendant-appellant Timothy Barton;

195. One Agent Texas, LLC (Texas), entity subject to preliminary injunction;

196. One Agent, LLC (Delaware), entity subject to preliminary injunction;

197. ONE FHC, LLC (Texas), entity subject to preliminary injunction;

198. One MF Residential, LLC, entity subject to preliminary injunction;

199. One MFD4, LLC, entity subject to preliminary injunction;

200. One Pass Investments, LLC (Delaware), entity subject to preliminary injunction;

201. One RL Trust, entity subject to preliminary injunction;

202. One SF Residential, LLC, entity subject to preliminary injunction;

203. Orchard Farms Ventures, LLC, interested party;

204. Orchard Farms Village LLC, receivership entity;

205. Palisades-TC, LLC, interested party;

206. Patton, Jonathan R., counsel for interested party Palisades-TC, LLC;

207. Peckar & Abramson, counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

208. Perry, Deborah M., counsel for interested party The Dixon Water Foundation;

209. Pioneer Finance, Inc., interested party;

210. Polsinelli PC, counsel for interested party McCormick 101, LLC;

211. Ramer, Samuel, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

212. Ramolia, Dhiraj, interested party;

213. Ranis, Ethan J., counsel for interested party City of Frisco, Texas;

214. Residential MF Assets, LLC (Delaware), entity subject to preliminary injunction;

215. Rhino Stainless US, LLC, entity subject to preliminary injunction;

216. Ridgeview Addition, LLC (Texas), receivership entity;

217. Riverwalk Invesco, LLC (Delaware), entity subject to preliminary injunction;

218. Riverwalk Opportunity Management, LLC (Delaware), entity subject to preliminary injunction;

219. Riverwalk OZFM, LLC (Delaware), entity subject to preliminary injunction;

220. Riverwalk OZFV, LLC (Delaware), entity subject to preliminary injunction;

221. Riverwalk QOZBJ, LLC (Delaware), entity subject to preliminary injunction;

222. Riverwalk QOZBM, LLC (Delaware), entity subject to preliminary injunction;

223. Riverwalk QOZBV, LLC (Delaware), entity subject to preliminary injunction;

224. Roossien, Jr., Dennis L., counsel for interested party The Dixon Water Foundation;

225. Ross, Smith & Binford, PC, counsel for interested party First Development Company of Ohio;

226. Scott, John B., counsel for interested party Pioneer Finance, Inc.;

227. Scott & Scott, PLLC, counsel for interested party Pioneer Finance, Inc.;

228. Scheff & Stone, L.L.P., counsel for interested party interested party Texas Republic Bank, N.A.;

229. Schurr, Patrick J., counsel for interested party interested party Texas Republic Bank, N.A.;

230. Seagoville Farms, LLC, receivership entity;

231. Securities and Exchange Commission, plaintiff-appellee;

232. SF Rock Creek, LLC, receivership entity;

233. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.;

234. Shamoun, C. Gregory, counsel for interested party Southern Properties Capital, Ltd.;

235. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia;

236. SK Carnegie, LLC, entity subject to preliminary injunction;

237. Slim, Jules P., counsel for defendant-appellant Timothy Barton;

238. Somerset-Lost Creek Golf, Ltd., interested party;

239. Southern Properties Capital, Ltd., interested party;

240. Southern Star Capital, LLC, interested party;

241. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

242. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

243. Starr, Hon. Brantley, U.S. District Court Judge (N.D. Tex.);

244. Sosland, Martin A., counsel for interested party Louisiana National Bank;

245. STL Park, LLC (Delaware), entity subject to preliminary injunction;

246. Tamamoi, LLC, interested party;

247. Tarm Carnegie Management, LLC (Delaware), entity subject to preliminary injunction;

248. Tarm Carnegie, LLC (Texas), entity subject to preliminary injunction;

249. Taylor, Clay M., counsel for interested party McCormick 101, LLC;

250. TC Hall, LLC, receivership entity;

251. Texas Republic Bank, N.A., interested party;

252. The Dixon Water Foundation, interested party;

253. The MXBA Trust, entity subject to preliminary injunction;

254. The Timothy L. Barton Irrevocable Life Insurance, entity subject to preliminary injunction;

255. The Towers Condominium Partners Ltd, entity subject to preliminary injunction;

256. Thomas, Cortney C., receiver;

257. Tillotson, Jeffrey M., counsel for interested party Palisades-TC, LLC;

258. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC;

259. Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, receivership entity;

260. TLB 2012 IRR Trust, entity subject to preliminary injunction;

261. TLB 2018 Trust, entity subject to preliminary injunction;

262. TLB 2019 Trust, entity subject to preliminary injunction;

263. TLB 2020 Trust, entity subject to preliminary injunction;

264. TRTX Properties LLC, entity subject to preliminary injunction;

265. Truist Bank, interested party;

266. TRWF LODGE, LLC, entity subject to preliminary injunction;

267. TRWF, LLC, entity subject to preliminary injunction;

268. United States of America, intervenor;

269. Venus59 LLC, receivership entity;

270. VenusBK195, LLC (Texas), entity subject to preliminary injunction;

271. VenusPark201, LLC (Delaware), entity subject to preliminary injunction;

272. Vertical Street Ventures, LLC, interested party;

273. Villita Development, LLC, receivership entity;

274. Villita Towers LLC, receivership entity;

275. Wall, Stephen T., defendant;

276. Wall007, LLC, defendant and receivership entity;

277. Wall009, LLC, defendant and receivership entity;

278. Wall010, LLC, defendant and receivership entity;

279. Wall011, LLC, defendant and receivership entity;

280. Wall012, LLC, defendant and receivership entity;

281. Wall016, LLC, defendant and receivership entity;

282. Wall017, LLC, defendant and receivership entity;

283. Wall018, LLC, defendant and receivership entity;

284. Wall019, LLC, defendant and receivership entity;

285. Wells, Tim, counsel for receiver Cortney C. Thomas;

286. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC;

287. Winstead PC, counsel for interested party Vertical Street Ventures, LLC; and

288. WRL2019, LLC (Texas), receivership entity.

The persons and entities described in the fourth sentence of Rule 28.2.1 having an interest in the outcome of this case also includes (1) any additional entities that Timothy Barton directly or indirectly controls, (2) investors in defendants and receivership entities Wall007, LLC; Wall009, LLC; Wall010; Wall011, LLC; Wall012, LLC; Wall016; Wall017, LLC; Wall018, LLC; and/or Wall019, LLC, and (3) creditors of receivership entities.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill
*Attorney of Record for Appellee Securities and Exchange Commission*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................i

TABLE OF CONTENTS ........................................................xxii

TABLE OF AUTHORITIES....................................................xxiii

INTRODUCTION..................................................................1

BACKGROUND ....................................................................2

ARGUMENT ........................................................................5

I. The stay motion is premature..............................................5

II. The requested stay is unwarranted.......................................7

III. This Court should clarify the scope of the administrative stay....14

CONCLUSION ...................................................................15

CERTIFICATE OF SERVICE AND FILING

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Baum v. Blue Moon Ventures, LLC,*
513 F.3d 181 (5th Cir. 2008) .......... 10, 11

*Bill Johnson's Restaurants, Inc. v. NLRB*,
461 U.S. 731 (1983) .......... 11

*In re Saffady*,
524 F.3d 799 (6th Cir. 2008) .......... 10

*Matter of Okorie*,
No. 24-60469, 2024 WL 4867073 (5th Cir. Nov. 22, 2024) .......... 11

*Mire v. Full Spectrum Lending, Inc.*,
389 F.2d 163 (5th Cir. 2004) .......... 6

*Netsphere, Inc. v. Barton*,
799 F.3d 327 (5th Cir. 2015) .......... 9

*Nken v. Holder*,
556 U.S. 418 (2009) .......... 8

*Ruiz v. Estelle*,
650 F.2d 555 (5th Cir. 1981) .......... 6

*SEC v. Barton*,
135 F.4th 206 (5th Cir. 2025) .......... 1, 3, 8, 9, 12, 14

*SEC v. Complete Bus. Sols. Grp., Inc.*,
44 F.4th 1326 (11th Cir. 2022) .......... 9, 10

*Texas All. for Retired Americans v. Hughs*,
976 F.3d 564 (5th Cir. 2020) .......... 8

*Thomas v. Bryant*,
919 F.3d 298 (5th Cir. 2019) .......... 7-8

*United States v. Matthews*,
312 F.3d 652 (5th Cir. 2002) .......... 11

*United States v. Solco I, LLC*,
962 F.3d 1244 (10th Cir. 2020) .......... 9

*Warren v. Bergeron*,
831 F.2d 101 (5th Cir. 1987) .......... 10

*Whole Woman's Health v. Paxton*,
972 F.3d 649 (5th Cir. 2020) .......... 7

**Other Authorities**

28 U.S.C. § 1292(a)(1) .......... 9, 10

28 U.S.C. § 1292(a)(2) .......... 8, 9

Fed. R. App. P. 8(a)(1)(A) .......... 5

Fed. R. App. P. 8(a)(2)(A)(i) .......... 6

## INTRODUCTION

This Court affirmed the district court's order establishing a receivership over certain entities that received or otherwise benefitted from funds invested in appellee Timothy Barton's alleged securities fraud. *SEC v. Barton*, 135 F.4th 206 (5th Cir. 2025). The district court subsequently modified the receivership order in response to Barton filing a bar grievance against the receiver's counsel that the district court found failed to demonstrate bad faith by the receiver or his counsel. The district court imposed a requirement that Barton pre-clear such filings so that the receivership estate would not be saddled with the cost of defending against meritless grievances. Barton has appealed from that modification of the otherwise already-affirmed receivership order. He now asks this Court to stay not just the pre-clearance requirement but "all receiver actions" while the appeal is pending.

Barton's stay motion should be denied for several reasons. The motion is premature because Barton neither sought a stay from the district court nor showed that doing so would be impracticable. Even if this Court could consider the motion, Barton fails to demonstrate that any stay pending appeal is warranted. His appeal is unlikely to succeed

on the merits because (1) this Court lacks interlocutory jurisdiction over the modification of the receivership order and (2) the modification was within the district court's discretion. The supposed irreparable harm that Barton claims he will suffer absent a stay flows not from the pre-clearance requirement but from the receivership itself, which this Court has already affirmed. And the requested stay of "all receiver actions" would place the receivership estate at risk, threatening harm to Barton's alleged victims and the public interest. To the extent this Court grants a stay pending appeal, it should be limited to the pre-clearance requirement.

Finally, the Commission respectfully requests that this Court clarify the scope of the administrative stay that it put in place while it considers the Commission's opposition to Barton's stay motion to more precisely identify what the receiver—who is actively managing numerous real properties in the receivership estate—can and cannot do.

## BACKGROUND

The district court established a receivership over certain entities that it found had received or otherwise benefitted from funds invested in Barton's alleged securities fraud. ROA.14784-809. When Barton

appealed from the receivership order, this Court affirmed. *Barton*, 135 F.4th at 229-30.

In April 2025, Barton filed a grievance against the receiver's counsel with the State Bar of Texas. ROA.18812-47. The receiver notified the district court of the grievance, explaining that it was part of "a pattern of Barton's harassment of the [r]eceiver and his team and continued interference with their work." ROA.18805. In addition to the grievance, the receiver pointed to Barton violating court orders—which had resulted in his being sanctioned by the district court, "interfering with the [r]eceiver's duties by contacting purchasers of [r]eceivership [p]roperties to ostensibly sow doubt about the [r]eceiver's ability to close on th[o]se transactions," and otherwise "harrss[ing] the [r]eceiver and his counsel." ROA.18805-07.

The district court ordered Barton to file a response "explaining how he and his counsel [were] not in violation of the [r]eceivership [o]rder," which enjoins them from interfering with or harassing the receiver. ROA.18910-11; *see* ROA.14827-28. In response, Barton argued that the grievance filing did not violate the receivership order. ROA.18916-32.

The district court reviewed the record before it—including the grievance—and found "no bad faith on the part of the [r]eceiver or his counsel." ROA.18977. The district court noted that "[b]ecause the [receiver] and his counsel ha[d] not acted in bad faith, any costs of defense against Barton's grievance . . . [would be] [r]ecevìership fees the estate must cover." ROA.18977. Thus, "to prevent the [r]eceivership estate from being depleted for meritless grievances," the district court "[modified] the [r]eceivership [o]rder such that Barton and his counsel must obtain clearance from the [district court] before filing any future bar grievances." ROA.18977. Specifically, the district court modified the already-affirmed receivership order by adding the following provision:

> [T]he Defendants, Receivership Entities, and all persons receiving notice of this Order by personal service, email, facsimile or otherwise, must obtain leave of the Court before filing any grievance or complaint with any state bar, or any such complaint as would require the Receiver or his counsel to expend the assets of the Receivership estate in defense.

ROA.18996.

Barton appealed from the modification of the receivership order. App. Dkt. 1, 4. And, without first seeking a stay in the district court, he

asked this Court to stay the "all receiver actions—including sales, settlements, transfers, litigation activity, and fee/expense applications" while the appeal is pending. Mot. 8. He also asked this Court for an "immediate administrative stay of all receivership activity" while his stay motion is pending. *Id.*

On October 17, 2025, this Court denied Barton's motion for a stay pending appeal but stated that "[u]pon receipt of the [Commission's] response, the [C]ourt will reconsider the motion." App. Dkt. 49. This Court also granted Barton's "motion for an administrative stay . . . , which will continue until further order of this [C]ourt." *Id.* This Court did not otherwise specify the scope of the administrative stay.

On October 19, 2025, Barton filed a notice of the administrative stay in the district court, asserting that the stay is "intended to stay any further action" in the district court. *SEC v. Barton*, No. 22-cv-2118 (N.D. Tex. Oct. 19, 2025), Dkt. 686 at 3.

## ARGUMENT

### I. The stay motion is premature.

The stay motion is premature because Barton did not first seek a stay in the district court. *See* Fed. R. App. P. 8(a)(1)(A) ("A party must

ordinarily move first in the district court for . . . a stay of . . . [an] order of a district court pending appeal."). Barton's claim that doing so would be impracticable has no legitimate basis and is unavailing. Mot. 1; *see* Fed. R. App. P. 8(a)(2)(A)(i); *see also Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981) ("[T]he district court should have the opportunity to rule on the reasons and evidence presented in support of a stay, unless it clearly appears that further arguments in support of the stay would be pointless in the district court.").

Barton's assertions that the district court will not permit him to make pro se filings (*see* ROA.75) and that he supposedly "lacks funds to retain counsel" (Mot. 1) fail to establish impracticability because he is represented by counsel before the district court (who yesterday made a filing on Barton's behalf, *see supra* 5). And the district court's recent administrative closure of the case similarly does not show impracticability because the district court specified that the closure "does not prevent any party from making appropriate filings in this case." ROA.76; *see Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (explaining that district courts use administrative

closures "to remove from their pending cases suits which are temporarily active elsewhere . . . or stayed").[1]

Barton refers to an unspecified "district court[] record of near-total denials." Mot. 1. But Barton never asked the district court to stay "all receiver actions" under the current receivership order—before or after the addition of the pre-clearance requirement—and he thus "appears to apply a presumption of bad faith on the part of the district court when the appropriate presumption is of course just the opposite." *Whole Woman's Health v. Paxton*, 972 F.3d 649, 654 (5th Cir. 2020). "[Barton's] failure to show the impracticability of moving first in the district court is sufficient grounds to deny [his] motion." *Id.*

## II. The requested stay is unwarranted.

If this Court reaches the substance of Barton's request for a stay, it should be denied. A stay pending appeal is an "extraordinary remedy . . . committed to this [C]ourt's discretion." *Thomas v. Bryant*, 919 F.3d

[1] Barton suggests that the receiver's ongoing management of the receivership estate is improper in light of the district court's administrative closure. *See, e.g.*, Mot. 2. But the administrative closure order states that "nothing in this [o]rder shall preclude the [c]ourt-appointed [r]eceiver from performing the duties and obligations, and from exercising the powers and rights, set forth in the [receivership order]." ROA.76.

298, 303 (5th Cir. 2019). "The proponent of a stay bears the burden of establishing its need" and this Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Texas All. for Retired Americans v. Hughs*, 976 F.3d 564, 566 (5th Cir. 2020) (cleaned up). The third and fourth factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Here, every factor weighs against a stay pending appeal.

1. Barton has not made any showing that he is likely to succeed on the merits—let alone the required strong showing—because this Court lacks jurisdiction over his appeal from the modification of the receivership order. Pursuant to 28 U.S.C. § 1292(a)(2), this Court has jurisdiction over "interlocutory appeals . . . for orders appointing receivers or orders refusing to take steps to accomplish the purposes of winding up receiverships." *Barton*, 135 F.4th at 223 (cleaned up); *see* 28 U.S.C. § 1292(a)(2). When Barton appealed from the order establishing the receivership, this court had jurisdiction under Section 1292(a)(2).

*Barton*, 135 F.4th at 217. But Section 1292(a)(2) does not provide jurisdiction over appeals from "mid-stream orders entered in the normal course of receivership proceedings." *SEC v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1331 (11th Cir. 2022); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 332 (5th Cir. 2015) (same).

In modifying the receivership order to add the pre-clearance requirement, the district court did not appoint a receiver or refuse to take steps to wind up the receivership. Rather, the district court acted to supervise the existing receivership. Such "administrative receivership orders" are not subject to Section 1292(a)(2) jurisdiction. *Barton*, 135 F.4th at 224; *see Complete Bus. Sols.*, 44 F.4th at 1333 (concluding that Section 1292(a)(2) does not provide jurisdiction over "scope-related orders" that modify "an ongoing receivership"); *United States v. Solco I, LLC*, 962 F.3d 1244, 1251 (10th Cir. 2020) (concluding that an order modifying the scope of an existing receivership is not subject to Section 1292(a)(2) jurisdiction and does not "provide . . . a second opportunity to challenge the [r]eceiver's appointment").[2]

[2] Barton's motion fails to identify any basis for this Court's jurisdiction. And like Section 1292(a)(2), 28 U.S.C. § 1292(a)(1) does not provide jurisdiction because that provision does not reach receivership-related

2. Barton also has failed to satisfy the first factor for a stay because even if this Court had jurisdiction, he has not made a strong showing that his appeal of the pre-clearance requirement is likely to succeed. "A district court clearly has the power to impose a pre-filing injunction in the appropriate factual circumstances." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). Here, the district court reviewed Barton's grievance, found that it demonstrated no bad faith by the receiver or his counsel, and exercised its discretion in supervising the receivership to impose the pre-clearance requirement and minimize the chance of the receivership estate being saddled with the cost of defending against meritless grievances. *See supra* 4.

---

interlocutory orders. *See Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987) ("That Congress passed a statute specifically governing appeals from orders relevant to receivership indicates that such orders are distinct from the injunctions covered by the prior subsection."); *see also Complete Bus. Sols.*, 44 F.4th at 1333 ("We can't skip over the more specific § 1292(a)(2), which expressly addresses receivership-related orders, to find jurisdiction under the more general § 1292(a)(1), which involves injunction-related orders of all stripes."); *In re Saffady*, 524 F.3d 799, 804 (6th Cir. 2008) ("By distinguishing between injunctions in § 1292(a)(1) and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions.").

Barton asserts that the pre-clearance requirement violates the First Amendment, but an appropriate pre-filing limitation is constitutionally permissible because "[t]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Baum*, 513 F.3d at 193 (cleaned up); *see Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983) ("[B]aseless litigation is not immunized by the First Amendment right to petition."); *see also Matter of Okorie*, No. 24-60469, 2024 WL 4867073, at *1 (5th Cir. Nov. 22, 2024) (rejecting the argument that a "pre-filing injunction" imposed by a bankruptcy court "denies [the] First Amendment right to petition the government for legal redress").

To the extent Barton seeks to challenge any other aspect of the receivership order, he is not likely to succeed because this Court has already reviewed and affirmed it. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) ("Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.") (cleaned up).

3. In arguing that he will be irreparably harmed absent a stay pending appeal, Barton focuses not on the pre-clearance requirement but rather on the receivership itself. *See* Mot. 4-6. But, again, this Court has already reviewed and affirmed the receivership. Barton also claims a "loss of First Amendment freedoms" (*id.* at 4), but, again, he has no First Amendment right to file meritless grievances—which the pre-clearance requirement is designed to prevent by requiring him to obtain leave from the district court before making certain filings. *See supra* 4.

4. In terms of balancing the equities, the stay that Barton requests threatens to cause significant harm. Barton claims that a stay of "all receiver actions" (Mot. 8) will "preserve[] the status quo" and "impose[] no cognizable harm on . . . third parties" (*id.* at 6). But, as this Court has already recognized, "a number of properties [in the receivership estate] require active management, including an operating hotel, apartment complexes, and properties in development," and "[w]ithout such management" the receivership estate "will deteriorate." *Barton*, 135 F.4th at 218 (cleaned up). For example, the receiver has fought efforts to foreclose receivership estate property, repaired and

maintained receivership estate property, pursued claims held by the receivership estate, participated in this litigation, and sought to sell receivership estate property—with court approval—when in the receivership estate's best interests. *See, e.g.*, ROA.19235-98 (summary of the receiver's operations from the receiver's July 30, 2025 status report to the district court). The receiver's active management has been and continues to be essential to the preservation and protection of the receivership estate pending its final disposition. The requested stay of "all receiver actions" would place the receivership estate at risk, threatening harm to Barton's alleged victims and the public interest. Even a stay of only the pre-clearance requirement would threaten limited receivership resources.

Barton takes particular issue with "receiver actions" related to the sale of receivership property. *See, e.g.*, Mot. 5. But, as the receiver recently explained to the district court, "the [receivership estate] has been cash-starved from the outset," with "cash-on-hand . . . not sufficient to cover outstanding liabilities (unpaid property taxes and administrative expenses, such as [the receiver's] fee applications for several prior quarters), let alone service the significant debt on each

property," on which interest continues to accrue. ROA.19252. Sales of receivership property have thus been found in the best interests of the receivership estate by the district court and affirmed by this Court. *See, e.g.*, *Barton*, 135 F.4th at 225.

5. While there are no legitimate grounds for granting a stay, if the Court were to disagree, the stay should be limited to the pre-clearance requirement—rather than "all receiver actions"—because this Court has already affirmed the entirety of the receivership order other than the pre-clearance requirement.

## III. This Court should clarify the scope of the administrative stay.

On October 17, 2025, this Court granted "[Barton's] motion for an administrative stay." App. Dkt. 49. But the precise contours of that stay are unclear because Barton's motion sought an administrative stay of "all receiver activity" but did not specify what "receiver activity" entails. Mot. 8. The need for clarification is acute. Preserving and protecting the sizable and complex receivership estate pursuant to the receivership order requires the receiver to do many different things, including day-to-day management of a hotel and apartment complexes. *See supra* 12-13. And yesterday Barton told the district court that the

administrative stay was intended to stay any further action by the district court. *See supra* 5.

## CONCLUSION

Barton's motion for a stay pending appeal should be denied. To the extent this Court grants a stay pending appeal, it should be limited to the pre-clearance requirement of the receivership order. Finally, the Commission respectfully requests that this Court clarify the scope of the administrative stay that is in place while this Court considers the Commission's response.

Respectfully submitted,

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724
hillez@sec.gov

October 20, 2025

## CERTIFICATE OF SERVICE AND FILING

I certify that on October 20, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system. Service on counsel of record will be accomplished through the Court's CM/ECF system. I further certify that on the same date I caused the foregoing document to be served on appellant Timothy Barton via email (timothy.barton@proton.me) and U.S. mail (1846 E. Rosemeade Parkway Unit 232, Carrollton, Texas 75007).

I further certify that this electronic filing is an exact copy of the paper document, that any privacy redactions have been made, and that this electronic filing was scanned for, and found to be free of, viruses.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: October 20, 2025

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 2,877 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing document complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: October 20, 2025