U.S. COURT OF APPEALS
RECEIVED
Oct 27, 2025
FIFTH CIRCUIT

**IN THE UNITED STATES COURT OF**

**APPEALS FOR THE FIFTH CIRCUIT**

Securities and Exchange Commission,
Plaintiff–Appellee,

v.

Timothy Barton,
Defendant–Appellant.

No. 25-10871 -------------------------------------

# APPELLANT'S RESPONSE TO APPELLEE SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MOTION FOR STAY PENDING APPEAL

*/s/ Timothy L. Barton*
Timothy L. Barton
PRO SE
1846 East Rosemeade Parkway,
#232 Carrollton, TX 75007
(214) 914-3811
*timothy.barton@proton.me*

# TABLE OF CONTENTS

INTRODUCTION AND RELIEF REQUESTED ................................4

BACKGROUND ........................................................................6

A. Procedural posture and the operative order ................................6

B. Interim-report sequence. ................................................................6

C. ROA 18979-19006 is a new, full order—not "housekeeping." .......7

D. The "bar-complaint" episode. ........................................................7

E. Preservation vs. pecuniary administration. ...................................7

ARGUMENTS ..........................................................................8

I. The Stay Motion is Not Premature. ...............................................8

II. The Requested Stay Is Warranted. ..............................................10

A. The "extraordinary measure" here is the receivership's current course. ..........................................................................10

B. "Administrative closure" is irrelevant. ......................................10

C. Applying the four-factor test favors a stay. ..............................10

D. "Active management" is already accommodated. .....................11

E. Para-wise Objection to SEC Response. .....................................11

III. No Clarification Is Needed; Alternatively, Adopt a Neutral Preservation Formulation. ..............................................................16

CONCLUSION & PRAYER ...............................................................17

# Table of Authorities

## Cases

California Motor Transp. v. Trucking Unlimited, 404 U.S. 508, 510–11 (1972). 12
Case No. 24-10788 8
Elrod v. Burns, 427 U.S. 347, 373 (1976) 13
Freedman v. Maryland, 380 U.S. 51, 58–60 (1965) 13
*Hilton v. Braunskill, 481 U.S. 770, 776 (1987)* 5
*Luis v. United States, 578 U.S. 5 (2016).* 6
Netsphere, 703 F.3d at 306–13 9
Netsphere, Inc. v. Baron, 703 F.3d 296, 306–13 (5th Cir. 2012) 12
*Nken v. Holder, 556 U.S. 418, 434 (2009)* 5
SEC v. Barton, No. 22-11242 5
Weslease Series C, LLC v. Behan, Nos. 24-10246 5

## Other Authorities

*11 U.S.C. §362(b)(4)* 7
28 U.S.C. § 1292(a)(2) 4, 11
28 U.S.C. § 1654 10
Fed. R. Civ. P. 66 4
FRAP 8(a)(2)(A)(i) 9
*Tex. Gov't Code §§ 81.072, 81.076; TRDP* 8
Texas Rules of Disciplinary Procedure and Tex. Gov't Code ch. 81 12

## INTRODUCTION AND RELIEF REQUESTED

Appellants seek a stay because the district court entered a new, full receivership order—not a housekeeping tweak—and that order now supplies the operative authority being challenged on appeal. ROA 18979-19006. The court itself found a fresh receivership was "needed" and issued a comprehensive order, ROA 18979-19006. "ORDER APPOINTING RECEIVER", that superseded prior iterations. Consistent with that posture, this Court has docketed a separate appeal from the new order. ROA 19266. The SEC's premise—that the latest order merely "modifies" the prior ("Second") receivership—conflicts with the record and appellate posture.

While a district court may supervise and adjust a receivership under Fed. R. Civ. P. 66, an order that materially alters rights operates as a new appointing order and is appealable under 28 U.S.C. § 1292(a)(2). See Rule 66 (administration accords with historical practice); §1292(a)(2) (orders "appointing receivers"). This Court has recognized that when a district court issues a fresh appointing order that supersedes earlier directives, the new order becomes the operative ruling and the one to attack on appeal. See, e.g., SEC v. Barton, No. 22-11242, 2024 WL 1087366, at *3 (5th Cir. Mar. 13, 2024); Weslease

Series C, LLC v. Behan, Nos. 24-10246 (c/w 24-10366, 24-10460, 24-10822, 24-10898), slip op. at 5–6 (5th Cir. June 5, 2025).

Because ROA 18979-19006 is controlling, Appellants may challenge it in total, including any expanded authority it purports to confer beyond earlier iterations. ROA 19266.

A stay is also warranted to prevent irreparable harm. The Receiver continues liquidations (often at nominal/distressed values) and diverts proceeds to fees and litigation; those one-way steps cannot be unwound. ROA 19351-52. See *Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Nken v. Holder, 556 U.S. 418, 434 (2009).* The equities and public interest favor preserving the status quo through a tailored stay that pauses sales/transfers/fee disbursements but permits ordinary preservation[1] (insurance, taxes, minimal upkeep).

Finally, parallel proceedings reinforce prudence. The earlier (Second) receivership order ROA 14810-37 is before the Supreme Court; maintaining a stay avoids whipsawing the estate while courts resolve threshold questions on authority, tailoring, and treatment of untainted defense funds[2].

---

[1] *Consider Liu v. SEC, 591 U.S. 268, 279–85 (2020) (equitable relief must be tailored/traced).*
2 *Consider Luis v. United States, 578 U.S. 5 (2016).*

Therefore, the relief is requested based on the App. Dkt 38 to (i) enter an immediate administrative stay of all receiver activity pending disposition of this motion; (ii) stay all receiver actions—including sales, settlements, transfers, litigation activity, and fee applications—until final resolution of this appeal.

## BACKGROUND

**A. Procedural posture and the operative order.** On June 23, 2025, the district court entered a comprehensive ORDER APPOINTING RECEIVER that governs going forward. ROA 18979-19006. It is the third appointment and, by its terms/effect, superseded prior orders; this Court has docketed a separate appeal accordingly. ROA 19266.

**B. Interim-report sequence.** After prior vacatur, the court directed a narrow interim report to identify whether preservation remained warranted, not to expand the mandate or convert the remedy into a pecuniary program[3]. ROA 18981.

[3] *The order ROA 18979 states that "WHEREAS, the Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's police and regulatory powers, and the relief sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct, penalizing past unlawful conduct and deterring future wrongdoing, and is not in furtherance of a pecuniary purpose, and therefore, the*

**C. ROA 18979-19006 is a new, full order—not "housekeeping."** ROA 18979-19006 re-appoints and empowers the Receiver by fresh, comprehensive terms; it is the exclusive authority for current actions.

**D. The "bar-complaint" episode.** The SEC brands Mr. Barton's State Bar grievance as "harassment." The undisputed record shows: (1) the grievance targeted the Receiver's lawyer based on counsel's email "bc most probably received payment in good faith". ROA 18932. that Barton viewed as ethically problematic; (2) both of Barton's counsel told the court they had no role; ROA 18928. (3) despite notice, the Receiver sought court-ordered withdrawal and "frivolous" labelling. ROA 18805 – 18909. Filed on May 19, 2025 and the district court ordered explanation ROA 18910-11 and concluded on June 23, 2025. ROA 18977. That exceeds the court's remit[4]. Lawyer discipline in Texas belongs to the Supreme Court of Texas/State Bar via TRDP and Tex. Gov't Code ch. 81.

**E. Preservation vs. pecuniary administration.** Despite "non-pecuniary" labels ROA 18981, the Receiver's course is pecuniary: sales

*Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. §362(b)(4)."*

[4] *See Tex. Gov't Code §§ 81.072, 81.076; TRDP. Filing a bar grievance is protected petitioning.*

despite Title clouds and appeals; proceeds routed to self billing; extremely discounted pricing and avoidable liability. Examples include Illinois Settlement for $75,000 against a current sale of over $1 Million ROA 17481-85, BM318 settlement $125,000 against a current sale prospected profit of over $25 Million ROA 17486-91, Hall Street Property ROA 17171-72, Amerigold Suites Apartments Sale ROA 17169-70. Ordinary preservation (insurance, taxes, routine upkeep) will suffice pending review. Such loss of huge equity with the rampage and the fire sale activity is under appeal in this court Case No. 24-10788. Allowing any status-altering action—not preserving the status quo—causes the harm. If the Receiver is permitted to continue its liquidation campaign, primary and secondary sales will further dissipate assets and distance any realistic recovery, with millions of dollars poised to change hands on precisely the transactions Appellant has sought to halt.

## ARGUMENTS

### I. The Stay Motion is Not Premature.

This Court has a separate appeal from Dkt. 650, an order "appointing" a receiver within §1292(a)(2). A stay pending that appeal is the

paradigm Hilton/Nken[5] application. FRAP 8 is satisfied. Relief was denied or impracticable below; App. Dkt 38. ongoing dissipation now renders further pursuit futile. FRAP 8(a)(2)(A)(i). Asset sales and fee draws are one-way ratchets that risk mootness causing a continuous stream of irreparable harms. Hilton, 481 U.S. at 776; Nken, 556 U.S. at 434.

Equity may not restrain untainted defense funds needed to secure counsel[6]. See Luis, 578 U.S. at 12–16; cf. Netsphere, 703 F.3d at 306–13.

28 U.S.C. § 1654 preserves the right to appear pro se; the denial of practical access to counsel does not make a Circuit-level stay premature. The SEC's notice/merits conflation fails as the standard turns on Hilton/Nken and this record's legal issues (authority, tailoring, petitioning), not completion of briefing. A tailored preservation only stay is appropriate to Pause sales/transfers/fees; permit routine preservation.

---

[5] *Hilton v. Braunskill*, 481 U.S. 770 (1987), and *Nken v. Holder*, 557 U.S. 418 (2009).*
[6] In Luis v. United States, 578 U.S. 5 (2016)*, The Supreme Court distinguished between 'tainted' assets (those directly obtained from or traceable to criminal activity) and 'untainted' assets (those lawfully belonging to the defendant with no connection to the alleged crime). The fundamental nature of the Sixth Amendment right to counsel of choice outweighs the government's interest in preserving untainted assets for potential restitution or forfeiture after conviction.*

## II. The Requested Stay Is Warranted.

**A. The "extraordinary measure" here is the receivership's current course.** Control over ~50 entities ROA 18981-84, distressed sales and settlements, self billing ROA 19351-52—not a narrow preservation stay—creates risk. A stay simply holds the line. Hilton; Nken.

**B. "Administrative closure" is irrelevant.** Closure neither expands authority nor defeats Hilton/Nken. The question is whether irreversible acts should pause which they should.

**C. Applying the four-factor test favors a stay.** (1) The third order appointing receiver ROA 18979-189006 is operative and appealable; overbreadth, lack of tailoring/tracing, and pecuniary administration violate equity's limits. Netsphere; Liu.; (2) Sales and settlements with proceeds utilized solely for self billing cannot be unwound a main cause for irreparable harm; (3) Cash-flowing, professionally managed properties continue in ordinary course; the stay halts only value-destructive actions and no harm to the interested parties; and (4) preservation of assets and appellate jurisdiction is in the public interest.

**D. "Active management" is already accommodated.** Routine taxes/insurance/vendor payments and rent collection continue under a preservation-only stay; only non-reversible steps are paused[7].

**E. Para-wise Objection to SEC Response.** The para-wise response to SEC's assertion is submitted as following:

**1. Likelihood of Success.** The district court issued a stand-alone "ORDER APPOINTING RECEIVER" the third appointment ROA 18979-19006—which supersedes prior iterations and now governs the estate. Under 28 U.S.C. § 1292(a)(2), orders "appointing receivers" are immediately appealable; when a later order materially alters rights, this Court treats it as the operative appointing order for jurisdiction and merits. The SEC's "modified order" framing cannot erase substance: the third order appointing receiver functions as a new appointing order. See Fed. R. Civ. P. 66 (historical practice); cf. SEC v. Barton, 2024 WL 1087366, at *3 (5th Cir. Mar. 13, 2024); Weslease Series C, LLC v. Behan, Nos. 24-10246 etc. (5th Cir. June 5, 2025). On the merits, Appellants challenge scope, tailoring, and tracing because the receivership is operating pecuniarily, not preservatively—contrary

[7] Ongoing sales and settlements/fees cause the real harm; a preservation-only stay is requested.

to Netsphere, Inc. v. Baron, 703 F.3d 296, 306–13 (5th Cir. 2012), and Liu v. SEC, 591 U.S. 268, 279–85 (2020).

**2. Likelihood of Success.** Texas law commits attorney discipline to the Supreme Court of Texas/State Bar via the Texas Rules of Disciplinary Procedure and Tex. Gov't Code ch. 81, not to collateral motion practice on a civil docket. See Tex. Gov't Code §§ 81.072, 81.076; TRDP[8]. Filing a grievance with the State Bar is Petition-Clause activity protected when reasonably based. See California Motor Transp. v. Trucking Unlimited, 404 U.S. 508, 510–11 (1972). An order compelling withdrawal, branding "frivolous," or pre-clearing such grievances is a prior restraint—precisely the sort of licensing regime disfavoured under Freedman v. Maryland, 380 U.S. 51, 58–60 (1965). The Receiver's effort to force withdrawal, despite counsel's notice they had no role and the independent basis for the complaint (counsel's email: "bc most probably received payment in good faith". ROA 18932. underscores the constitutional and structural error.

[8] *The TRDP themselves explicitly state that the Supreme Court has constitutional and statutory responsibility for the lawyer discipline system and promulgates these rules, while delegating the administration and supervision of discipline to the Board of Directors of the State Bar of Texas, subject to the Court's inherent power.*

**3. Irreparable Harm (two independent paths).** Irreparable harm is shown twice over. First, speech/petitioning: a pre-clearance restraint on grievances is an ongoing First Amendment injury; "loss of First Amendment freedoms, even for minimal periods, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). Second, pecuniary: continued sales, settlements and fee disbursements through self- billing only are one-way ratchets that cannot be unwound and risk mooting appellate relief. See Nken v. Holder, 556 U.S. 418, 434–35 (2009); Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Examples include 2999 TC and other transactions pursued despite title clouds and active appeals. The SEC's "this Court already affirmed" refrain misses that the third receivership order is a new order and the First-Amendment issue is independent. The irreparable harm the receivership through prior orders ROA 14810-37 and ROA 658-82 is tabulated below for better clarity:

| **Property** | **Settlement Amount / Sale** | **Owed / Debt** | **Prospect** |
|---|---|---|---|
| Illinois Property ROA 17481-85 | $75,000 settlement | $400,000 owed | Closing in a week from now for over $1 million |

| | | | |
|---|---|---|---|
| BM318<br>ROA 17486-91 | $125,000<br>settlement | $28.5 Million<br>Debt | Being sold for<br>$55 million |
| 2999 TC<br>ROA 7490-92 | $2.5 Million<br>Settlement | $38.5 Million<br>Debt | $72.5 Million<br>Appraised<br>Value |
| DLP Properties<br>(4 assets)<br>ROA 19369-<br>407 | $750,000<br>Settlement | Selling shares<br>rights | 1 of 4 assets<br>being sold this<br>week for over<br>$32mm |

All sale proceed equal will be lost if stay is not in place - All proceed received by estate approximately $4,286,725.62 ROA 19338. Total paid to receiver and receiver lawyer equals $2,852,381.64 ROA 19340. Total of proceeds held for lenders and alleged lender victims $0.00.

The Receiver has repeatedly invoked "*emergency*" and *fire-sale* urgency to justify accelerated dispositions, but the record shows the only consistent beneficiary of sale proceeds has been the Receiver and his professionals. ROA 19233-322. No funds have been reserved for lenders nor any other value-enhancing use. ROA 19325. That pattern confirms a pecuniary administration—not preservation—

strengthening the case for a preservation-only stay to halt further dissipation pending appeal.

**4. Balance of Equities (preservation-only stay).** Appellants seek a tailored stay: pause sales, transfers, encumbrances, and fee disbursements, while permitting ordinary-course preservation (insurance, taxes, routine safety repairs, vendor payments, rent collection under existing management) that preserves the status quo ante without jeopardizing genuine "active management." The SEC's broad "hotel/complex/land in development" *App. Dkt 54 at 12* narrative is overstated; the record shows stabilized apartments with professional/on-site management and raw land needing minimal upkeep ROA 19271-80. A preservation-only stay therefore prevents irreversible dissipation while allowing necessary upkeep—exactly what Hilton/Nken contemplate.

**5. Why pre-clearance-only relief is inadequate.** Limiting relief to the pre-clearance point does not stop the irreversible harm driving this appeal: continued asset sales and fee outflows under the third receivership order. ROA 18979-19006. Because it is a new appointing order and the record shows pecuniary, value-destroying administration, a preservation-only stay is required to protect this

Court's jurisdiction and prevent mootness—not merely a narrow pre-clearance carve-out. A concise formulation is appropriate: the Receiver may take no status-altering actions (sales/transfers/new encumbrances/distributions/fee disbursements) without leave but may perform ordinary-course preservation to avoid waste or default.

**III. No Clarification Is Needed; Alternatively, Adopt a Neutral Preservation Formulation.** The administrative stay was sought and understood as a pause on status-altering receiver actions (sales/transfers/encumbrances/fee disbursements), not routine preservation. No clarification is necessary. If the Court prefers text, Appellants propose:

> Pending further order, the Receiver shall take no actions that alter the status quo, including asset sales, transfers, new encumbrances, distributions, or fee disbursements. The Receiver may perform ordinary-course preservation necessary to avoid waste or default—e.g., paying taxes and insurance, routine safety repairs, utility/vendor payments, and collecting rents under existing management agreements. Any non-preservative action requires leave of court on notice.

## CONCLUSION & PRAYER

The district court's new "ORDER APPOINTING RECEIVER" ROA 18979-19006—is the operative order on appeal. Appellants have shown serious merits questions (including authority, tailoring/tracing, and the order's intrusion into State Bar processes that restrains Petition-Clause activity), ongoing irreparable harm from one-way liquidations and fee outflows, and equities/public interest that favor preserving the estate and this Court's jurisdiction pending review. A stay pending appeal is therefore warranted.

Appellants respectfully request that the Court grant the relief sought in App. Dkt. 38 and:

1. Maintain an administrative stay of all receiver activity pending disposition of the stay motion; and, upon disposition, stay all receiver actions—including sales, settlements, transfers, litigation activity, and fee/expense applications—through final resolution of the appeal.

2. Alternatively, if a complete stay is not granted, order that: (i) no distributions be made to professionals or third parties; (ii) all cash on hand and all future proceeds be segregated in a federally insured, interest-bearing escrow with no carve-outs for

fees and no disbursements absent further order; and (iii) no new sales or settlements be consummated.

3. Clarify that "preservation-only" activities may continue (e.g., ordinary-course insurance, taxes, necessary safety repairs, vendor payments, and routine rent collection) solely to prevent waste or default, while status-altering acts remain stayed. (consistent with the stay formulation sought in the motion).

4. Grant such further relief as necessary to protect this Court's jurisdiction and prevent mootness.

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
PRO SE
1846 East Rosemeade Parkway,
#232 Carrollton, TX 75007
(214) 914-3811
*timothy.barton@proton.me*

Dated: October 27, 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with FRAP 27(d)(2) because it contains 2,596 words (excluding the parts exempted by FRAP 32(f)), as counted by the word-processing system used to prepare this motion. It also complies with FRAP 32(a)(5)–(6) regarding typeface and style.

*/s/ Timothy L. Barton*
**Timothy Barton, Pro Se**

---

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13 and FRAP 25(a)(5); (2) this electronic submission is an exact copy of any paper version that may later be requested, 5th Cir. R. 25.2.1; and (3) the PDF was scanned with [Windows 11 – Virus and Threat Protection] and is virus-free.

*/s/ Timothy L. Barton*
**Timothy Barton, Pro Se**

## CERTIFICATE OF SERVICE

As per (FRAP 25(d)), on October 27, 2025, I served this motion by email on the following counsel:

- Ezekiel L. Hill,
  hillez@sec.gov,
  U.S. Securities and Exchange Commission,
  Office of General Counsel
  100 F St., N.E., Washington, DC 20549.
- Keefe M. Bernstein,
  bernsteink@sec.gov,
  U.S. Securities and Exchange Commission,
  Trial Unit, Suite 1900
  801 Cherry St., Fort Worth, TX 76102.

*/s/ Timothy L. Barton*
**Timothy Barton, Pro Se**