**No. 25-10871**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

TIMOTHY BARTON,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-cv-2118-X

---

# BRIEF OF APPELLEE SECURITIES AND EXCHANGE COMMISSION

---

J. RUSSELL MCGRANAHAN
*General Counsel*

JEFFREY A. BERGER
*Assistant General Counsel*

EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

## CERTIFICATE OF INTERESTED PERSONS

*Securities and Exchange Commission v. Timothy Barton*,
No. 25-10781

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. 126 Villita LLC, receivership entity;
2. 2999 Acquisitions, LLC (Delaware), entity subject to preliminary injunction;
3. 2999 Middlebury, LLC (Delaware), entity subject to preliminary injunction;
4. 2999 Roxbury, LLC (Delaware), entity subject to preliminary injunction;
5. 2999TC Acquisitions, LLC, receivership entity;
6. 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC, entity subject to preliminary injunction;
7. 2999TC Founders, LLC (Delaware), entity subject to preliminary injunction;
8. 2999TC JMJ CMGR, LLC (Delaware), receivership entity;

9. 2999TC JMJ Equity, LLC, entity subject to preliminary injunction;

10. 2999TC JMJ MGR, LLC (Delaware), entity subject to preliminary injunction;

11. 2999TC JMJ, LLC (Delaware), entity subject to preliminary injunction;

12. 2999TC JMJ, LLC (Texas), entity subject to preliminary injunction;

13. 2999TC LP, LLC (Delaware), entity subject to preliminary injunction;

14. 2999TC MM, LLC, entity subject to preliminary injunction;

15. 2999TC MZ, LLC (Delaware), entity subject to preliminary injunction;

16. 3820 Illinois, LLC, interested party;

17. Ackerman LLP, counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

18. Adam and Reese LLP, counsel for interested party Bank of America, N.A.;

19. Aledo TX, LLC, receivership entity;

20. AVEG WW, LLC (Delaware), entity subject to preliminary injunction;

21. AVG West, LLC, receivership entity;

22. Badgley, Serena, interested party;

23. Bank of America, N.A., interested party;

24. Barton, Maximilien, interested party;

25. Barton, Timothy, defendant-appellant;

26. Barton Texas Water District, LLC, entity subject to preliminary injunction;

27. Barton Water District, LLC (Delaware), entity subject to preliminary injunction;

28. Baum, Nathan B., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

29. BEE2019, LLC, receivership entity;

30. Berger, Jeffrey A., counsel for plaintiff-appellee Securities and Exchange Commission;

31. Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission;

32. BC Acquisitions, LLC (Delaware), entity subject to preliminary injunction;

33. Bird, Douglas S., counsel for interested party City of Frisco, Texas;

34. BM318 LLC, receivership entity;

35. Broadview Holdings Trust, receivership entity;

36. Brown Fox PLLC, counsel for receiver Cortney C. Thomas;

37. BSJ Trading, LLC, entity subject to preliminary injunction;

38. Buchholz, Robert W., counsel for interested party Southern Star Capital, LLC;

39. BUILD VIOLET, LLC, entity subject to preliminary injunction;

40. Butler Snow LLP, counsel for interested party Louisiana National Bank;

41. Cain & Skarnulis PLLC, counsel for interested party Serena Badgley;

42. Capps, Aaron T., counsel for interested party Circle H Contractors LP;

43. Capps and Associates PLLC, counsel for interested party Circle H Contractors LP;

44. Carnegie Development, LLC, defendant and receivership entity;

45. Carnegie Finance, LLC, entity subject to preliminary injunction;

46. Carrillo, C. Alan, counsel for receiver Cortney C. Thomas;

47. Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia;

48. Chandler Law PC, counsel for interested party Dhiraj Ramolia;

49. Chandler, Corinna P., counsel for interested party Dhiraj Ramolia;

50. Chapple, Ryan E., counsel for interested party Serena Badgley;

51. Cheves, P. Kyle, counsel for interested party McCormick 101, LLC;

52. Circle H Contractors LP, interested party;

53. City of Frisco, Texas, interested party;

54. Clem, David M., counsel for interested party Truist Bank;

55. Condo Towers GP, LLC, entity subject to preliminary injunction;

56. Cooke, Chris, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

57. Cox, Sarah Melissa, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

58. Crow, Daniel, interested party;

59. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

60. CYNKFP, LLC, entity subject to preliminary injunction;

61. D4AT, LLC, entity subject to preliminary injunction;

62. D4AVEG, LLC, entity subject to preliminary injunction;

63. D4BM, LLC, entity subject to preliminary injunction;

64. D4BR, LLC (Texas), entity subject to preliminary injunction;

65. D4DS LLC, receivership entity;

66. D4FR LLC, receivership entity;

67. D4IN, LLC (Texas), receivership entity;

68. D4KL LLC, receivership entity;

69. D4MC, LLC (Texas), receivership entity;

70. D4OP, LLC, receivership entity;

71. D4OPM, LLC, entity subject to preliminary injunction;

72. D4SMC, LLC, entity subject to preliminary injunction;

73. D4WP, LLC, entity subject to preliminary injunction;

74. Dallas Real Estate Investors, LLC, entity subject to preliminary injunction;

75. Dallas Real Estate Lenders, LLC (Delaware), entity subject to preliminary injunction;

76. Dallas Real Estate Management, LLC, entity subject to preliminary injunction;

77. Dentons US LLP, counsel for interested party McCormick 101, LLC;

78. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC;

79. DJD Land Partners, LLC, relief defendant and receivership entity;

80. DLP Real Estate Capital, Inc., interested party;

81. DLP Winter Haven Ventures, LLC, interested party;

82. Enoch Investments LLC, receivership entity;

83. FHC Acquisition LLC, receivership entity;

84. Finnell, Jeffrey B., counsel for plaintiff-appellee Securities and Exchange Commission;

85. First Development Company of Ohio, LLC, interested party;

86. Five Star GM, LLC (Delaware), entity subject to preliminary injunction;

87. Five Star MM, LLC (Delaware), entity subject to preliminary injunction;

88. Five Star MM, LLC (Texas), entity subject to preliminary injunction;

89. Five Star TC, LLC (Delaware), entity subject to preliminary injunction;

90. Food & Leverage Real Estate, LLC (Delaware), entity subject to preliminary injunction;

91. Fu, Haoqiang, defendant;

92. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

93. Gillespie Villas LLC, receivership entity;

94. Gitlin, Jonathan, counsel for interested party First Development Company of Ohio;

95. Glenwood (18340) Property, LLC (Delaware), entity subject to preliminary injunction;

96. Goldmark Hospitality LLC, receivership entity;

97. Green, Gordon W., counsel for interested party Truist Bank;

98. Hale, Hon. Harlin, mediator;

99. Hamilton, Dennis S., counsel for interested party McCormick 101, LLC;

100. Heiskell, Michael P., counsel for defendant Stephen T. Wall;

101. Hicks, Jr., George W., counsel for counsel for interested party HNGH Turtle Creek, LLC;

102. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission;

103. HNGH Turtle Creek, LLC, interested party;

104. Hopper, James F., counsel for receiver Cortney C. Thomas;

105. HR Sterling, LLC, receivership entity;

106. Hunter, Renee M., counsel for intervenor United States of America;

107. Illuminate Dallas, LLC (Texas), entity subject to preliminary injunction;

108. JB Special Asset, LLC, entity subject to preliminary injunction;

109. JMJ Acquisitions LLC, receivership entity;

110. JMJ Acquisitions Mgmt, LLC, entity subject to preliminary injunction;

111. JMJ Aviation, LLC (Texas), entity subject to preliminary injunction;

112. JMJ BLUES TX, LLC, entity subject to preliminary injunction;

113. JMJ Blues, LLC, entity subject to preliminary injunction;

114. JMJ Centre, LLC, entity subject to preliminary injunction;

115. JMJ Development Brasil, LTDA, entity subject to preliminary injunction;

116. JMJ Development Fund, entity subject to preliminary injunction;

117. JMJ Development Fund, Inc, entity subject to preliminary injunction;

118. JMJ Development LLC, receivership entity;

119. JMJ EB5 Fund GP, LLC (Delaware), entity subject to preliminary injunction;

120. JMJ EB5 Fund, LP (Delaware), entity subject to preliminary injunction;

121. JMJ Holdings, LLC, entity subject to preliminary injunction;

122. JMJ Holdings US, LLC, entity subject to preliminary injunction;

123. JMJ Holdings USA, Inc, entity subject to preliminary injunction;

124. JMJ Home Building Inc (Nevada), entity subject to preliminary injunction;

125. JMJ Hospitality General Trading FZE, entity subject to preliminary injunction;

126. JMJ Hospitality, LLC, receivership entity;

127. JMJ Hospitality UAE, entity subject to preliminary injunction;

128. JMJ Investments Limited, entity subject to preliminary injunction;

129. JMJ Land Acquisition, Inc (Nevada), entity subject to preliminary injunction;

130. JMJ Land Development, Inc (Nevada), entity subject to preliminary injunction;

131. JMJ Land Venture, LLC, entity subject to preliminary injunction;

132. JMJ Mezzanine, Inc (Nevada), entity subject to preliminary injunction;

133. JMJ MF Development, LLC, entity subject to preliminary injunction;

134. JMJ Multifamily, Inc (Nevada), entity subject to preliminary injunction;

135. JMJ Offshore, LTD, entity subject to preliminary injunction;

136. JMJ Regional Center, LLC (Delaware), entity subject to preliminary injunction;

137. JMJ Residential, LLC, entity subject to preliminary injunction;

138. JMJ Valley Center, LLC, entity subject to preliminary injunction;

139. JMJ VC Management, LLC, receivership entity;

140. JMJAV, LLC, receivership entity;

141. JMJ148, LLC (Texas), entity subject to preliminary injunction;

142. JMJD4, LLC, entity subject to preliminary injunction;

143. JMJD4, LLC (Delaware), receivership entity;

144. JMJD4Allensville, LLC, entity subject to preliminary injunction;

145. JMJDWG, LLC (Texas), entity subject to preliminary injunction;

146. JMJKH, LLC, entity subject to preliminary injunction;

147. JMR100 LLC, receivership entity;

148. Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall;

149. Johnston, Kenneth C., counsel for interested party Truist Bank;

150. Johnston Clem Giffod PLLC, counsel for interested party Truist Bank;

151. Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC;

152. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC;

153. Kearns, David T., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

154. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek, LLC;

155. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC;

156. Koonce, Charlene C., counsel for receiver Cortney C. Thomas;

157. LaJolla Construction Management LLC, receivership entity;

158. LC Aledo TX, LLC, receivership entity;

159. LDG001, LLC, relief defendant and receivership entity;

160. Lesser, Joshua A., counsel for interested party Bank of America, N.A.;

161. Light, Barbara, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

162. Louisiana National Bank, interested party;

163. Lumar Land & Cattle, LLC, interested party;

164. Lynco Ventures, LLC, receivership entity;

165. Lynn Investments, LLC, entity subject to preliminary injunction;

166. Mansion Apartment Homes at Marine Creek, LLC, receivership entity;

167. Marine Creek SP, LLC, receivership entity;

168. Marine Creek Ventures, LLC, interested party;

169. McCormick 101, LLC, interested party;

170. MCFW, LLC, entity subject to preliminary injunction;

171. MCRS2019, LLC (Texas), entity subject to preliminary injunction;

172. MF Container, LLC (Delaware), entity subject to preliminary injunction;

173. MFO Venus Development, LLC, interested party;

174. Middlebury Trust, entity subject to preliminary injunction;

175. MMCYN, LLC, entity subject to preliminary injunction;

176. MO 2999TC, LLC, receivership entity;

177. Moeller, Evan A., counsel for interested party Bank of America, N.A.

178. Moss & Associates, LLC, interested party;

179. Munsch Hardt Kopf & Harr, P.C., counsel for interested party The Dixon Water Foundation;

180. MV9490 Land Lot, LLC, entity subject to preliminary injunction;

181. MV9490 Management, LLC, entity subject to preliminary injunction;

182. MV9490, LLC, entity subject to preliminary injunction;

183. MXBA, LLC, entity subject to preliminary injunction;

184. MXBA Managed, LLC, entity subject to preliminary injunction;

185. MXBA Services, LLC, entity subject to preliminary injunction;

186. Napoli, Michael D., counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

187. Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC;

188. Nicholson, Jill L., counsel for interested party McCormick 101, LLC;

189. Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.;

190. Northstar 114, LLC (Delaware), entity subject to preliminary injunction;

191. Northstar PM, LLC (Delaware), receivership entity;

192. Norton Rose Fulbright US LLP, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

193. One Agent Texas, LLC (Texas), entity subject to preliminary injunction;

194. One Agent, LLC (Delaware), entity subject to preliminary injunction;

195. ONE FHC, LLC (Texas), entity subject to preliminary injunction;

196. One MF Residential, LLC, entity subject to preliminary injunction;

197. One MFD4, LLC, entity subject to preliminary injunction;

198. One Pass Investments, LLC (Delaware), entity subject to preliminary injunction;

199. One RL Trust, entity subject to preliminary injunction;

200. One SF Residential, LLC, entity subject to preliminary injunction;

201. Orchard Farms Ventures, LLC, interested party;

202. Orchard Farms Village LLC, receivership entity;

203. Palisades-TC, LLC, interested party;

204. Patton, Jonathan R., counsel for interested party Palisades-TC, LLC;

205. Peckar & Abramson, counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

206. Perry, Deborah M., counsel for interested party The Dixon Water Foundation;

207. Pioneer Finance, Inc., interested party;

208. Polsinelli PC, counsel for interested party McCormick 101, LLC;

209. Ramer, Samuel, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

210. Ramolia, Dhiraj, interested party;

211. Ranis, Ethan J., counsel for interested party City of Frisco, Texas;

212. Residential MF Assets, LLC (Delaware), entity subject to preliminary injunction;

213. Rhino Stainless US, LLC, entity subject to preliminary injunction;

214. Ridgeview Addition, LLC (Texas), receivership entity;

215. Riverwalk Invesco, LLC (Delaware), entity subject to preliminary injunction;

216. Riverwalk Opportunity Management, LLC (Delaware), entity subject to preliminary injunction;

217. Riverwalk OZFM, LLC (Delaware), entity subject to preliminary injunction;

218. Riverwalk OZFV, LLC (Delaware), entity subject to preliminary injunction;

219. Riverwalk QOZBJ, LLC (Delaware), entity subject to preliminary injunction;

220. Riverwalk QOZBM, LLC (Delaware), entity subject to preliminary injunction;

221. Riverwalk QOZBV, LLC (Delaware), entity subject to preliminary injunction;

222. Roossien, Jr., Dennis L., counsel for interested party The Dixon Water Foundation;

223. Ross, Smith & Binford, PC, counsel for interested party First Development Company of Ohio;

224. Scott, John B., counsel for interested party Pioneer Finance, Inc.;

225. Scott & Scott, PLLC, counsel for interested party Pioneer Finance, Inc.;

226. Scheff & Stone, L.L.P., counsel for interested party interested party Texas Republic Bank, N.A.;

227. Schurr, Patrick J., counsel for interested party interested party Texas Republic Bank, N.A.;

228. Seagoville Farms, LLC, receivership entity;

229. Securities and Exchange Commission, plaintiff-appellee;

230. SF Rock Creek, LLC, receivership entity;

231. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.;

232. Shamoun, C. Gregory, counsel for interested party Southern Properties Capital, Ltd.;

233. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia;

234. SK Carnegie, LLC, entity subject to preliminary injunction;

235. Slim, Jules P., counsel for defendant-appellant Timothy Barton;

236. Somerset-Lost Creek Golf, Ltd., interested party;

237. Southern Properties Capital, Ltd., interested party;

238. Southern Star Capital, LLC, interested party;

239. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

240. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

241. Starr, Hon. Brantley, U.S. District Court Judge (N.D. Tex.);

242. Sosland, Martin A., counsel for interested party Louisiana National Bank;

243. STL Park, LLC (Delaware), entity subject to preliminary injunction;

244. Tamamoi, LLC, interested party;

245. Tarm Carnegie Management, LLC (Delaware), entity subject to preliminary injunction;

246. Tarm Carnegie, LLC (Texas), entity subject to preliminary injunction;

247. Taylor, Clay M., counsel for interested party McCormick 101, LLC;

248. TC Hall, LLC, receivership entity;

249. Texas Republic Bank, N.A., interested party;

250. The Dixon Water Foundation, interested party;

251. The MXBA Trust, entity subject to preliminary injunction;

252. The Timothy L. Barton Irrevocable Life Insurance, entity subject to preliminary injunction;

253. The Towers Condominium Partners Ltd, entity subject to preliminary injunction;

254. Thomas, Cortney C., receiver;

255. Tillotson, Jeffrey M., counsel for interested party Palisades-TC, LLC;

256. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC;

257. Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, receivership entity;

258. TLB 2012 IRR Trust, entity subject to preliminary injunction;

259. TLB 2018 Trust, entity subject to preliminary injunction;
260. TLB 2019 Trust, entity subject to preliminary injunction;

261. TLB 2020 Trust, entity subject to preliminary injunction;

262. TRTX Properties LLC, entity subject to preliminary injunction;

263. Truist Bank, interested party;

264. TRWF LODGE, LLC, entity subject to preliminary injunction;

265. TRWF, LLC, entity subject to preliminary injunction;

266. United States of America, intervenor;

267. Venus59 LLC, receivership entity;

268. VenusBK195, LLC (Texas), entity subject to preliminary injunction;

269. VenusPark201, LLC (Delaware), entity subject to preliminary injunction;

270. Vertical Street Ventures, LLC, interested party;

271. Villita Development, LLC, receivership entity;

272. Villita Towers LLC, receivership entity;

273. Wall, Stephen T., defendant;

274. Wall007, LLC, defendant and receivership entity;

275. Wall009, LLC, defendant and receivership entity;

276. Wall010, LLC, defendant and receivership entity;

277. Wall011, LLC, defendant and receivership entity;

278. Wall012, LLC, defendant and receivership entity;

279. Wall016, LLC, defendant and receivership entity;

280. Wall017, LLC, defendant and receivership entity;

281. Wall018, LLC, defendant and receivership entity;

282. Wall019, LLC, defendant and receivership entity;

283. Wells, Tim, counsel for receiver Cortney C. Thomas;

284. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC;

285. Winstead PC, counsel for interested party Vertical Street Ventures, LLC; and

286. WRL2019, LLC (Texas), receivership entity.

The persons and entities described in the fourth sentence of Rule 28.2.1 having an interest in the outcome of this case also includes (1) any additional entities that Timothy Barton directly or indirectly controls, (2) investors in defendants and receivership entities Wall007, LLC; Wall009, LLC; Wall010; Wall011, LLC; Wall012, LLC; Wall016; Wall017, LLC; Wall018, LLC; and/or Wall019, LLC, and (3) creditors of receivership entities.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill
*Attorney of Record for Appellee Securities and Exchange Commission*

## STATEMENT REGARDING ORAL ARGUMENT

The Securities and Exchange Commission believes that oral argument is unnecessary for this Court's consideration of this appeal because the issues presented are controlled by settled law and adequately presented in the briefs and the record.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................ i

STATEMENT REGARDING ORAL ARGUMENT ................................ xxi

TABLE OF CONTENTS .................................................................. xxii

TABLE OF AUTHORITIES ............................................................ xxiv

COUNTERSTATEMENT OF JURISDICTION ...................................... 1

COUNTERSTATEMENT OF THE ISSUES ........................................... 1

COUNTERSTATEMENT OF THE CASE ............................................... 2

A. After the Commission filed this action against Barton, the district court appointed a receiver ................................ 2

B. The district court modified the receivership order to require Barton to pre-clear grievances and complaints against the receiver ........................................................ 4

STANDARD OF REVIEW ................................................................... 6

SUMMARY OF ARGUMENT ................................................................ 7

ARGUMENT ........................................................................................ 8

I. This Court lacks jurisdiction over Barton's interlocutory appeal from the modification of the receivership order .................. 8

II. The district court did not abuse its discretion in adding the pre-clearance requirement to the receivership order .................... 12

III. Barton's other challenges to the receivership order are barred by the law of the case doctrine or waived ..................................... 13

IV. Barton's other challenges to the receivership order are without merit ........ 17

A. Barton's challenges to the scope of the receivership are without merit ........ 18

B. Barton's evidentiary challenges are without merit ........ 21

C. Barton's challenges to the receiver's conduct are without merit ........ 25

D. Barton's challenges to the district court's supervision of the receivership are without merit ........ 27

E. Barton's challenges to the district court's subject matter jurisdiction are without merit ........ 30

CONCLUSION ........ 31

CERTIFICATE OF SERVICE AND FILING

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## Cases

*Art Midwest, Inc. v. Clapper*,
805 F.3d 611 (5th Cir. 2015) .......... 16

*Baum v. Blue Moon Ventures, LLC*,
513 F.3d 181 (5th Cir. 2008) .......... 12

*Bill Johnson's Restaurants, Inc. v. NLRB*,
461 U.S. 731 (1983) .......... 12

*Brady v. Maryland*,
373 U.S. 83 (1963) .......... 25

*Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co.*,
120 U.S. 141 (1887). .......... 28

*Farguson v. MBank Houston, N.A.*,
808 F.2d 358 (5th Cir. 1986) .......... 13

*Hall v. Callahan*,
727 F.3d 450 (6th Cir. 2013) .......... 12

*In re Saffady*,
524 F.3d 799 (6th Cir. 2008) .......... 10

*Martin v. Halliburton*,
618 F.3d 476 (5th Cir. 2010) .......... 9

*Matter of Okorie*,
No. 24-60469, 2024 WL 4867073 (5th Cir. Nov. 22, 2024) .......... 12

*Med. Ctr. Pharmacy v. Holder*,
634 F.3d 830 (5th Cir. 2011). .......... 17

*Mire v. Full Spectrum Lending Inc.*,
389 F.3d 163 (5th Cir. 2004) .......... 30

*Musacchio v. United States*,
577 U.S. 237 (2016) .......... 15

*Napue v. Illinois*,
360 U.S. 264 (1959) .......... 25

*Netsphere, Inc. v. Baron*,
703 F.3d 296 (5th Cir. 2012) .......... 9, 19

*Netsphere, Inc. v. Baron*,
799 F.3d 327 (5th Cir. 2015) .......... 9

*Porretto v. City of Galveston Park Bd. of Trs.*,
113 F.4th 469 (5th Cir. 2024) .......... 31

*Porter v. Sabin*,
149 U.S. 473 (1893) .......... 26

*SCF Waxler Marine, L.L.C. v. ARIS T M/V*,
902 F.3d 461 (5th Cir. 2018) .......... 10

*SEC v. Barton,*
79 F.4th 573 (5th Cir. 2023) .......... *passim*

*SEC v. Barton*,
135 F.4th 206 (5th Cir. 2025) .......... *passim*

*SEC v. Barton*,
No. 25-11044 (5th Cir. Jan. 21, 2026) .......... 11

*SEC v. Complete Bus. Sols. Grp., Inc.*,
44 F.4th 1326 (11th Cir. 2022) .......... 10, 11

*SEC v. Elliott*,
953 F.2d 1560 (11th Cir. 1992) .......... 28

*SEC v. Stanford Int'l Bank, Ltd.*,
927 F.3d 830 (5th Cir. 2019) .......... 6

*St. Martin v. Mobil Expl. & Producing U.S. Inc.*,
224 F.3d 402 (5th Cir. 2000) .......... 25

*Timbs v. Indiana*,
586 U.S. 146 (2019) .......... 20

*United States v. M/Y Galactica Star*,
13 F.4th 448 (5th Cir. 2021) .......... 16

*United States v. Matthews*,
312 F.3d 652 (5th Cir. 2002) .......... 14, 15

*Ward v. Santa Fe Indep. Sch. Dist.*,
393 F.3d 599 (5th Cir. 2004) .......... 16

*Warren v. Bergeron*,
831 F.2d 101 (5th Cir. 1987) .......... 10

**Statutes**

Securities Act of 1933 (15 U.S.C. §§ 77a *et seq.*)

Section 17(a), 15 U.S.C. § 77q(a) .......... 2

Section 20(b), 15 U.S.C. § 77t(b) .......... 1

Section 20(d), 15 U.S.C. § 77t(d) .......... 1

Section 22(a), 15 U.S.C. § 77v(a) .......... 1

Securities Exchange Act of 1934 (15 U.S.C. §§ 78a *et seq.*)

Section 10(b), 15 U.S.C. § 78j(b) .......... 2

Section 21(d), 15 U.S.C. § 78u(d) .......... 1

Section 21(d)(5), 15 U.S.C. § 78u(d)(5) .......... 20

Section 21(e), 15 U.S.C. § 78u(e) .......... 1

Section 27, 15 U.S.C. § 78aa .......... 1

Rule 10b-5, 17 C.F.R. § 240.10b-5 .......... 2

28 U.S.C. § 1291 .......... 7-9

28 U.S.C. § 1292(a)(1) .......... 7-10

28 U.S.C. § 1292(a)(2) .......... 7, 10-12

28 U.S.C. § 1334(e)(1) .......... 16, 31

## COUNTERSTATEMENT OF JURISDICTION

The district court had jurisdiction over this Securities and Exchange Commission civil law enforcement action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b), 77t(d), 77v(a), and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d), 78u(e), 78aa. ROA.80.

On June 23, 2025, the district court issued (1) an order modifying an existing receivership order (ROA.18977-78) and (2) the modified receivership order (ROA.18979-19006). On July 22, 2025, appellant Timothy Barton filed a timely notice of appeal from those orders. ROA.19224-27. This Court lacks jurisdiction over Barton's interlocutory appeal for the reasons explained below. *See infra* 8-12.

## COUNTERSTATEMENT OF THE ISSUES

1. Whether this Court lacks jurisdiction over this interlocutory appeal from the district court's modification of the receivership order.

2. If this Court has jurisdiction, whether the district court properly exercised its discretion in modifying the receivership order.

## COUNTERSTATEMENT OF THE CASE

### A. After the Commission filed this action against Barton, the district court appointed a receiver.

The Commission filed a complaint against Barton and others, alleging that they defrauded more than 100 investors out of more than $26 million. ROA.78-106. As alleged in the complaint, Barton told investors that their funds would be pooled and used to purchase specified parcels of land that would be developed into residential lots. Barton promised investors that they would receive interest payments, along with repayment of their principal. But Barton did not purchase the properties or make the promised payments. Instead, Barton misappropriated nearly all the invested funds and used them to pay for, among other things, his lifestyle and other real estate projects in which entities under his control held interests. The complaint alleges that Barton violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and seeks, among other things, an order enjoining Barton from further violating those provisions and

requiring him to disgorge his ill-gotten gains and to pay a civil penalty. ROA.100-02, 104-05.[1]

At the Commission's request, the district court established a receivership over all Barton-controlled entities in order to marshal and preserve their assets. ROA.658-82. This Court vacated that receivership order, concluding that the district court had applied the wrong legal test in deciding whether a receivership was warranted and had erred by including entities in the receivership without finding that they received or benefited from funds traced to Barton's alleged securities fraud. *SEC v. Barton,* 79 F.4th 573 (5th Cir. 2023) (*Barton I*). The vacatur took effect 90 days after the issuance of this Court's mandate, "given the breadth of the receivership and the possibility that a new receivership would cover some of the same entities." *Id.* at 580.

On remand, the district court established a new receivership over entities that it found had received or benefitted from funds traced to Barton's alleged securities fraud. ROA.14784-837. This Court affirmed that receivership order. *SEC v. Barton*, 135 F.4th 206 (5th Cir. 2025)

[1] Barton has also been criminally charged. *See United States v. Barton*, No. 3:22-cr-00352-K (N.D. Tex.).

(*Barton II*), *cert. petition pending*, No. 25-465 (U.S. Sup. Ct. Oct. 14, 2025).

### B. The district court modified the receivership order to require Barton to pre-clear grievances and complaints against the receiver.

The sequence of events leading to the orders from which Barton appeals began in April 2025 when Barton filed a grievance against the receiver's counsel with the State Bar of Texas. ROA.18812-47.[2] Because the receivership order bars Barton from "[i]nterfer[ing] with or harass[ing] the [r]eceiver" (ROA.14827-28), the receiver notified the district court of the grievance, explaining that it was part of "a pattern of Barton's harassment of the [r]eceiver and his team and continued interference with their work" (ROA.18805). In addition to the grievance, the receiver pointed to several other concerns: Barton was violating court orders—which had resulted in the district court sanctioning him (*see* ROA.7479-89); he was "interfering with the [r]eceiver's duties by contacting purchasers of [r]eceivership [p]roperties to ostensibly sow doubt about the [r]eceiver's ability to close on th[o]se

[2] In October 2025, the Summary Disposition Panel for the District Grievance Committee dismissed Barton's grievance. Dkt. 689 at 21.

transactions"; and he was otherwise "harrss[ing] the [r]eceiver and his counsel" (ROA.18805-07).

The district court ordered Barton to file a response "explaining how he and his counsel [were] not in violation of the [r]eceivership [o]rder." ROA.18910-11. In response, Barton argued that filing the grievance did not violate the receivership order. ROA.18916-32.

The district court reviewed the record before it—including the grievance—and found "no bad faith on the part of the [r]eceiver and his counsel." ROA.18977. The district court noted that "[b]ecause the [r]eceiver and his counsel ha[d] not acted in bad faith, any costs of defense against Barton's grievance . . . [were] [r]eceviership fees the estate must cover." ROA.18977. Thus, "to prevent the [r]eceivership estate from being depleted for meritless grievances," the district court "[modified] the [r]eceivership [o]rder such that Barton and his counsel must obtain clearance from the [district court] before filing any future bar grievances." ROA.18977. Specifically, the district court modified the 28-page receivership order, which this Court had already affirmed, by adding the following sentence:

> [T]he [d]efendants, [r]eceivership [e]ntities, and all persons receiving notice of this [o]rder by personal service, email, facsimile or otherwise, must obtain leave of the [c]ourt before filing any grievance or complaint with any state bar, or any such complaint as would require the [r]eceiver or his counsel to expend the assets of the [r]eceivership estate in defense.

ROA.18996.

Barton appealed from the order modifying the receivership order and the modified receivership order itself. ROA.19224-27.[3]

## STANDARD OF REVIEW

"It is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *Barton II*, 135 F.4th at 225 (cleaned up). Thus, when properly before a court of appeals, "[a] district court's . . . actions in supervising an equity receivership[ are] reviewed for abuse of discretion." *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 839 (5th Cir. 2019).

---

[3] The original caption for this appeal included the receiver as an appellee, but, at Barton's request, the caption was modified to remove the receiver. *See* App. Dkt. 31.

## SUMMARY OF ARGUMENT

1. This Court lacks jurisdiction over this appeal. Barton argues for jurisdiction pursuant to both 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a)(1), but neither provides jurisdiction for an interlocutory appeal from the modification of the receivership order. Section 1291 provides jurisdiction for final decisions and Section 1292(a)(1) provides jurisdiction for certain injunctive orders, and the appealed-from orders are neither. While Barton does not cite 28 U.S.C. § 1292(a)(2), and thus has forfeited any argument that it applies, that provision also fails to provide jurisdiction because it covers only orders appointing receivers or refusing to wind up receiverships, not the district court's supervision of an existing receivership.

2. Even if this Court had jurisdiction, the district court did not abuse its discretion in adding the pre-clearance requirement to the receivership order. The district court reasonably exercised its discretion in supervising the receivership to use a pre-clearance mechanism to avoid the risk of the receivership estate being saddled with the cost of defending against meritless complaints. And because it operates only as a pre-screening mechanism to weed out meritless complaints, the

pre-clearance requirement does not impermissibly infringe on Barton's right to petition for redress.

3. Barton also uses this appeal as an improper vehicle to challenge numerous aspects of the receivership order other than the pre-clearance requirement. Barton has already brought—and lost—an appeal from the receivership order. The arguments he now asserts were either rejected by this Court in *Barton II*—and thus are barred by the law of the case doctrine—or were not made in *Barton II*—and thus are waived.

4. Finally, even if this Court had jurisdiction over this appeal, and Barton could use this appeal to challenge aspects of the receivership order other than the pre-clearance requirement, his arguments should be rejected.

## ARGUMENT

### I. This Court lacks jurisdiction over Barton's interlocutory appeal from the modification of the receivership order.

Barton argues that this Court has jurisdiction pursuant to both 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a)(1). Br. 1. But neither provides jurisdiction for an interlocutory appeal from the modification of the receivership order, and Barton thus fails to "bear [his] burden of

establishing [this Court's] appellate jurisdiction." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010).

Barton argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1291 because the modified receivership order is a "final decision." Br. 1; *see* 28 U.S.C. § 1291. Not so. Final decisions are those that "end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Netsphere, Inc. v. Baron*, 799 F.3d 327, 331 (5th Cir. 2015) (cleaned up). Following the issuance of the modified receivership order, the "underlying . . . dispute that formed the original basis for this litigation remains undecided." *Id.* Indeed, "even within the context of the receivership," the modified receivership order "do[es] not purport to enter a final judgment winding-up or terminating the receivership." *Id.*[4]

Barton's reliance on 28 U.S.C. § 1292(a)(1) is also unavailing because its grant of appellate jurisdiction for review of certain injunctive orders does not extend to receivership-related orders. "That Congress passed a statute specifically governing appeals from orders

[4] Barton cites *Netsphere, Inc. v. Baron*, 703 F.3d 296 (5th Cir. 2012), but it does not address 28 U.S.C. § 1291, much less support Barton's assertion that the receivership order is a final decision.

relevant to receivership"—28 U.S.C. § 1292(a)(2)—"indicates that such orders are distinct from the injunctions covered by the prior subsection." *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987); *see also*, *e.g.*, *SEC v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1333 (11th Cir. 2022) ("We can't skip over the more specific § 1292(a)(2), which expressly addresses receivership-related orders, to find jurisdiction under the more general § 1292(a)(1), which involves injunction-related orders of all stripes."); *In re Saffady*, 524 F.3d 799, 804 (6th Cir. 2008) ("By distinguishing between injunctions in § 1292(a)(1) and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions.").

Barton does not argue that there is jurisdiction pursuant to 28 U.S.C. § 1292(a)(2), and "there is no need to explore jurisdictional bases the appellant does not address." *SCF Waxler Marine, L.L.C. v. ARIS T M/V*, 902 F.3d 461, 464 (5th Cir. 2018), *as revised* (Oct. 30, 2018) (cleaned up). In any event, there is no Section 1292(a)(2) jurisdiction here because that statute limits jurisdiction to "interlocutory appeals . . . for orders appointing receivers or orders refusing to take steps to

accomplish the purposes of winding up receiverships." *Barton II*, 135 F.4th at 223 (cleaned up); *see* 28 U.S.C. § 1292(a)(2).

When Barton appealed from the order establishing the receivership, this Court had jurisdiction under Section 1292(a)(2). *Barton II*, 135 F.4th at 217. But in modifying the receivership order to add the pre-clearance requirement, the district court did not appoint a receiver or refuse to take steps to wind up the receivership. Rather, the district court acted to supervise the existing receivership. Such "administrative receivership orders" are not subject to Section 1292(a)(2) jurisdiction. *Id.* at 224. As the Eleventh Circuit has held, Section 1292(a)(2) does not provide jurisdiction over appeals from "mid-stream orders entered in the normal course of receivership proceedings," including "scope-related orders" that modify "an ongoing receivership." *Complete Bus. Sols.*, 44 F.4th at 1331-33; *see also United States v. Solco I, LLC*, 962 F.3d 1244, 1251 (10th Cir. 2020) (concluding that an order modifying the scope of an existing receivership is not subject to Section 1292(a)(2) jurisdiction and does not "provide . . . a second opportunity to challenge the [r]eceiver's appointment"); *SEC v. Barton*, No. 25-11044 (5th Cir. Jan. 21, 2026) (dismissing an appeal

from a district court order awarding the receiver fees for lack of jurisdiction).

## II. The district court did not abuse its discretion in adding the pre-clearance requirement to the receivership order.

Even if this Court had jurisdiction, the district court did not abuse its discretion in adding the pre-clearance requirement to the receivership order. Barton argues that the pre-clearance requirement violates the First Amendment. Br. 7, 23, 34, 73-74, 78. But "[a] district court clearly has the power to impose a pre-filing injunction in the appropriate factual circumstances." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). That is because "[t]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 193 (cleaned up); *see Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983) ("[B]aseless litigation is not immunized by the First Amendment right to petition."); *Hall v. Callahan*, 727 F.3d 450, 456 (6th Cir. 2013) ("[A]lthough access to courts is a fundamental right, the ability to file frivolous lawsuits is not."); *see also Matter of Okorie*, No. 24-60469, 2024 WL 4867073, at *1 (5th Cir. Nov. 22, 2024) (rejecting the argument that a pre-filing

injunction imposed by a bankruptcy court "denies [the] First Amendment right to petition the government for legal redress").[5]

The pre-clearance requirement is "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986). The district court reviewed Barton's grievance, found that there was no bad faith by the receiver or his counsel, and reasonably exercised its discretion to impose the pre-clearance requirement, which would allow the receivership to avoid being saddled with the cost of defending against meritless complaints. *See supra* 4-6. Because it operates only as a pre-screening mechanism to weed out meritless complaints, the pre-clearance requirement does not impermissibly infringe on Barton's right to petition for redress.

## III. Barton's other challenges to the receivership order are barred by the law of the case doctrine or waived.

In addition to his arguments regarding the pre-clearance requirement, Barton argues that the receivership order contains a host of other supposed "fatal defects." Br. 18; *see* Br. 27-73, 74-75. But

[5] The cases cited by Barton (Br. 7, 74) do not address the permissibility of a pre-clearance requirement intended to screen meritless litigation.

except for the addition of the pre-clearance requirement, the receivership order is the same in substance as what this Court reviewed and affirmed in *Barton II*. Consequently, even if this Court had jurisdiction, Barton's arguments were either rejected by this Court in *Barton II*—and thus are barred by the law of the case doctrine—or were not made in *Barton II*—and thus are waived.

Barton repeats numerous arguments that this Court rejected in *Barton II*. These arguments include: that the district court lacked jurisdiction because the loan agreements were not securities (Br. 27-31; *see* 135 F.4th at 215-17); that the receiver is unqualified (Br. 26; *see* 135 F.4th at 219-20); that the district court is biased (Br. 35-36, 37; *see* 135 F.4th at 228-29); that the district court improperly relied on evidence from the receiver (Br. 37-38, 41-46; *see* 135 F.4th at 222); that the district court's tracing analysis was flawed (Br. 55-57, 58-67; *see* 135 F.4th at 221-22); and that the "received or benefited from" standard is incorrect (Br. 57-58; *see* 135 F.4th at 220-21). Those arguments are all barred by the law of the case doctrine: "[A]n issue of fact or law decided on appeal may not be reexamined . . . by the appellate court on a subsequent appeal." *United States v. Matthews*, 312 F.3d 652, 657 (5th

Cir. 2002) (cleaned up); *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016) ("The law-of-the-case doctrine . . . provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (cleaned up).

The doctrine is "essential to the orderly administration of justice" because it "discourages opportunistic litigants from appealing repeatedly in hopes of obtaining a more sympathetic panel of this [C]ourt," and "[w]ithout [it], cases would end only when obstinate litigants tire[d] of re-asserting the same arguments over and over again." *Matthews*, 312 F.3d at 657.[6] The application of the doctrine is especially important here where Barton is attempting to use a jurisdictionally-deficient appeal from the modified receivership order to ask this Court to consider, once again, his prior challenges to the receivership order. If the law of the case doctrine did not apply here, it would permit Barton to challenge the receivership incessantly,

---

[6] While the law of the case doctrine is subject to certain exceptions, Barton does not argue for any exception and none applies. *See Matthews*, 312 F.3d at 657 ("The doctrine has three exceptions: (1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice.").

disrupting district court supervision and wasting receivership and judicial resources.

Barton also makes numerous arguments that he did not make in *Barton II*. For instance, he contends: that the district court violated 28 U.S.C. § 1334(e)(1) (Br. 31); that this case is a form of whistleblower retaliation (Br. 74-75); that the scope of the receivership is excessive as compared to the alleged fraud (Br. 32-33); and that the receiver's access to documents violates Barton's due process rights in the parallel criminal case (Br. 47-53). Those arguments are waived because "a question that could have been but was not raised on one appeal cannot be resurrected on a later appeal to the same court in the same case." *Art Midwest, Inc. v. Clapper*, 805 F.3d 611, 614 (5th Cir. 2015) (cleaned up); *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 607 (5th Cir. 2004) ("We have held that a party cannot raise an issue on appeal that could have been raised in an earlier appeal in the same case."). They are also waived because Barton failed to raise them before the district court, and "arguments not raised before the district court are waived and cannot be raised for the first time on appeal." *United States v. M/Y Galactica Star*, 13 F.4th 448, 457 & n.30 (5th Cir. 2021) (cleaned up).

"The waiver doctrine, like the law-of-the-case doctrine, serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals," though "it differs from the law-of-the-case doctrine in that it arises as a consequence of a party's inaction, not as a consequence of a decision on [this Court's] part." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (cleaned up).[7] The straightforward application of both of these doctrines should preclude this Court from reaching the questions raised by Barton in this appeal that have nothing to do with the district court's modification of the receivership order to add a pre-clearance requirement.

## IV. Barton's other challenges to the receivership order are without merit.

Even if this Court had jurisdiction over Barton's appeal from the receivership order, and even if the law of the case doctrine and waiver did not preclude Barton's other challenges to the receivership order, they are without merit. Barton presents a scattershot of arguments

[7] While the waiver doctrine does not preclude review for plain error, *Med. Ctr. Pharmacy*, 634 F.3d at 836, for the reasons discussed below Barton fails to show that the receivership order is plainly erroneous. *See infra* 18-31.

regarding the scope of the receivership, the evidence presented in the district court regarding the receivership, the receiver's conduct, the district court's supervision of the receivership, and the district court's subject matter jurisdiction. All these arguments are marked by an absence of any legal or factual support and are fatally flawed.

### A. Barton's challenges to the scope of the receivership are without merit.

1. Barton argues that the "received or benefited from" standard that the district court employed in setting the scope of the receivership has "[n]o [l]egal [b]asis." Br. 57-58. But the district court followed the instruction this Court gave in *Barton I*: "Should the district court decide that a new receivership is justified on remand, it can only extend over entities that received or benefitted from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation." 79 F.4th at 580-81; *see also Barton II*, 135 F.4th at 221 ("[T]he district court did not abuse its discretion in following a rule our court already set, and we do not change that rule now, following the rule of orderliness."). Moreover, it is the standard that Barton asked this Court to establish in *Barton I*: "Barton . . . argues that the district court erred by placing multiple entities he controls in the receivership

without any showing that they received or benefitted from ill-gotten investor funds." 79 F.4th at 580; *see Barton II*, 135 F.4th at 221. As this Court explained in *Barton II*, "Barton cannot have a second bite at the apple to change the standard after *winning* his first appeal (and getting the standard which he requested), even if the rule he requested isn't quite as beneficial as he'd originally thought." 135 F.4th at 221.

Moreover, Barton fails to demonstrate that the "received or benefited from" standard is incompatible with *Netsphere, Inc. v. Baron*, 703 F.3d 296 (5th Cir. 2012). As *Barton II* explained, *Netsphere* held that "the equitable remedy of a receivership cannot cover 'property that is not the subject of an underlying claim or controversy.'" *Barton II*, 135 F.4th at 220 (quoting *Netsphere*, 703 F.3d at 310). *Barton II* "appli[ed] th[at] principle" when it "instructed the district court that any possible receivership can only extend over entities that received or benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation." *Id.* (cleaned up).

2. Barton next claims that the scope of the receivership violates the Constitution because the value of receivership assets supposedly exceeds the alleged investor loss. Br. 32-33. As an initial matter, the

appointment of a receiver over corporate entities to marshal and preserve their assets pending a determination of liability (*see* ROA.18980) does not implicate Barton's Eighth Amendment rights because it does not involve "the government's power to extract payments, whether in cash or in kind, as punishment for some offense," *Timbs v. Indiana*, 586 U.S. 146, 151 (2019) (cleaned up).[8] Moreover, the receivership applies to corporate entities, not Barton, and Barton's constitutional rights are distinct from any constitutional rights those corporate entities may have.

The factual predicate of Barton's argument is also erroneous. The district court reasonably found that "there is a substantial risk that Barton, the [r]eceivership [e]ntities, and the other entities that Barton directly or indirectly controls do not hold assets sufficient to satisfy the potential disgorgement of ill-gotten gains for the benefit of investors." ROA.18980. Nothing in Barton's brief demonstrates otherwise. For example, Barton claims that receivership entity BM318, LLC is worth

---

[8] The other constitutional claims asserted by Barton are also unavailing because the district court had authority to appoint a receiver (*see, e.g.*, 15 U.S.C. 78u(d)(5)) and the receiver did not seize real property without notice and the opportunity to be heard.

$55 million (Br. 32), but the district court found that Barton's supposed proof of value was "not credible," that BM318 had lost ownership of its only asset—prior to the receivership—and that its attempts to recover the asset had a low probability of success and were too costly for the receivership to pursue (ROA.17490). The district court approved the settlement of the BM318-related claims because it was "in the best interest of the receivership estate." ROA.17486-91; *see also* SEC Br., *SEC v. Barton*, No. 24-10788 (5th Cir.) (Oct. 22, 2025) (addressing Barton's appeal from the district court's approval of that settlement).

3. The receivership order does not, as Barton claims (Br. 33), bar him from "creating *any* new business without receiver permission." Rather, it requires that he provide notice to the receiver before creating a new business entity (*see* ROA.18995-96), a reasonable requirement given Barton's use of numerous entities to carry out his alleged fraud and continued interference with the receiver (*see supra* 2-6).

### B. Barton's evidentiary challenges are without merit.

1. Barton asserts that the district court erred with respect to its evaluation of tracing evidence. Br. 55-57, 58-67. But, as this Court already determined, "[t]he district court committed no abuse of

discretion in its admission and assessment of the tracing evidence." *Barton II*, 135 F.4th at 222. That evidence included "specific examples from financial records—of funds or benefits flowing from the investors to the benefitting entities—not just expenditures from entities that received investor funds." *Id.* And "tellingly, Barton's expert did not perform his own tracing analysis or otherwise opine that even a *single entity* placed in the receivership had not received or benefited from investor funds." *Id.*

Moreover, Barton's claimed errors by the district court are nonexistent. For example, Barton contends that the district court erred by including SF Rock Creek, LLC in the receivership. Br. 58-59. But the district court concluded that this entity was "the record owner of a home in Dallas, Texas," and that "[i]nvestor [f]unds were used to fund the purchase of the home." ROA.14797. The district court relied on record evidence demonstrating that there was a flow of investor funds to that entity that were used for the purchase. ROA.10272-73, 10361-62; *see Barton II*, 135 F.4th at 222-23 (rejecting Barton's claims that the tracing analysis as to SF Rock Creek was erroneous). The district

court's tracing analysis as to the other receivership entities cited by Barton was equally sound. *See* ROA.14794-806.[9]

2. Barton's argument that the Commission failed to provide necessary expert testimony (Br. 55-57) is unavailing because, as this Court previously concluded, the Commission's tracing method was to "take the bank records, identify investor deposits and then trace those investor funds through the bank accounts to see how they were used," and "[t]hat does not require expert testimony." *Barton II*, 135 F.4th at 222 (cleaned up).[10]

3. Barton argues that it was improper for the receiver to testify in connection with the district court's consideration of a new receivership after *Barton I*. Br. 37-38. But, as this Court already found, there is no

---

[9] Barton argues that the district court's tracing analysis was flawed because some entities in the receivership do not have bank accounts. Br. 67-68. But Barton never explains why the absence of a bank account demonstrates a flaw. And it does not because an entity could benefit from investor funds without directly receiving them. *See, e.g.*, ROA.14806 (receivership entity Marine Creek SP, LLC retained a participation interest in a development funded by investor funds).

[10] Barton claims that "[t]he district court found" that the Commission staff accountant was "'not qualified to reach the accounting conclusions'" (Br. 55), but the district court made no such finding. Barton quotes from his own proposed findings of fact and conclusions of law, not from the district court. *See* ROA.14397.

prohibition on such testimony and "courts in this circuit routinely allow testimony from the receiver." *Barton II*, 135 F.4th at 222 & n.39. Indeed, such testimony "was especially useful here because the receiver was tasked with tracing funds under the first receivership order." *Id.* at 222. And the district court did not, as Barton claims (Br. 54), "acknowledg[e]" that the receiver was not a proper source of evidence.

4. Barton contends that the district court erred by failing to rule on evidentiary objections at the hearing regarding a new receivership after *Barton I*. Br. 53-54. But the district court explained at the hearing that it would "look at . . . objections in not the heat of battle and then decide how much weight, if any, I will give [the evidence]." ROA.19572-73. And, in the subsequent written order, the district court identified the specific evidence on which it was relying, as well as testimony on which it was not relying. *See* ROA.14784-809; *see, e.g.*, ROA.14789 ("The Court relies on the [r]eceiver's declaration, not on Mr. Cecil's testimony about the declaration during the [hearing]."). Barton fails to identify anything more that the district court was required to do. And, in any event, Barton fails to show that any supposed error by the district court was not harmless given the substantial evidence

supporting the district court's findings. *See*, *e.g.*, *St. Martin v. Mobil Expl. & Producing U.S. Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) ("[T]he erroneous admission is subject to a harmless error analysis.").

### C. Barton's challenges to the receiver's conduct are without merit.

1. Barton argues that certain of his family members have suffered "irrational and unequal treatment" by the receiver. Br. 33-35. This argument identifies no error in the receivership order itself. Moreover, there is no unfair treatment simply because members of Barton's family are among those against whom the receiver has evaluated and pursued claims on behalf of receivership entities. *See* ROA.15521-22 (district court order granting the receiver's unopposed motion for leave to file complaints against third parties); *see, e.g.*, ROA.19302-04 (receiver's report regarding the status of his complaints against third parties).

2. Barton argues that the receiver's access to and use of supposedly privileged documents violates *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). Br. 47-53. This argument is misplaced; it relates to the fairness of the parallel criminal proceeding, not the Commission's enforcement action, much less the receivership order. Moreover, this argument misapprehends the

receivership order, which permits the receiver to waive attorney-client privilege held by the receivership entities, which are distinct persons from Barton (ROA.19000). It also reflects a misunderstanding of the role of the receiver, who is the district court's "officer," *Porter v. Sabin*, 149 U.S. 473, 479 (1893), not "an adverse, financially interested litigation opponent" (Br. 50). And, in any event, the district court implemented a privilege protocol governing the receiver's review of certain documents (ROA.7486-89), and specified that Barton could "request modification of the protocol in response to . . . future issues should they arise" (ROA.7486). Barton fails to identify any specific violation of the protocol (*see* Br. 49), and he has never asked the district court to modify it.

3. Barton argues that the receiver has "destroyed" the value of the receivership estate. Br. 68-72. Again, this argument identifies no error in the receivership order itself. Moreover, the argument fails because, as the BM318 example discussed above (*see supra* 20-21) demonstrates, Barton's claims as to the value of receivership assets are meritless. *See also, e.g.*, ROA.7490-92 (district court order approving a settlement related to "2999 Turtle Creek" (Br. 71) as "fair and equitable and in the

best interests of the [r]eceivership [e]state"); ROA.17481-85 (district court order approving a settlement related to "Illinois Property" (Br. 71) as "in the best interest of the estate").

### D. Barton's challenges to the district court's supervision of the receivership are without merit.

1. Barton asserts that the district court must be biased against him because it has ruled against him "100%" of the time. Br. 37. But as this Court already found, "the district court has denied relief sought by the SEC and receiver." *Barton II*, 135 F.4th at 229 n.80. And in any event, "Barton can't complain that the district court seemed biased merely because it ruled against him"; "[i]f such a ruling was a basis for showing judicial bias, *every* losing party would make the same argument (but they don't)." *Id.* at 229.[11]

2. Barton argues that the district court improperly selected a receiver who was not the Commission's candidate, is unqualified, and is represented by counsel that includes former law clerks to the district court judge. Br. 35-36. But the receiver is the district court's officer

[11] Barton also argues that the Commission's case against him is "whistleblower retaliation." Br. 7, 17, 23-24, 74-75, 78. But he fails to show that he is a whistleblower or that the Commission's enforcement action is retaliatory.

(*see supra* 26) and neither Barton nor the Commission has a right to choose the receiver. And this Court has already rejected Barton's attempts to malign the receiver's qualifications, finding that "the receiver's experience in managing disputes and consultation with other professionals . . . are highly relevant—and helpful—in navigating the myriad issues plaguing receivership property." *Barton II*, 135 F.4th at 219. Finally, it is irrelevant that the receiver's counsel includes former law clerks of the district court judge because the mere fact of their former employment does not give rise to a conflict of interest. Barton's speculation cannot overcome the "presumption of the law that the judicial tribunal, acting within its jurisdiction, has acted impartially and honestly." *Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co.*, 120 U.S. 141, 159 (1887).

3. Barton claims that it is improper for the receiver to be awarded fees because there has not yet been a distribution to investors. Br. 38-39. But fee awards are not an improper use of receivership assets; they are commonplace. *See*, e.g., *SEC v. Elliott*, 953 F.2d 1560, 1576 (11th Cir. 1992) ("It is appropriate and obvious that a receiver will make expenditures to maintain trust property. The court in equity may

award the receiver fees from property securing a claim if the receiver's acts have benefitted that property.") (cleaned up); *see also*, *e.g.*, ROA.5644-46 (district court order granting the receiver's fee application upon concluding "that the [r]eceiver has acted reasonably and diligently and that the requested fees and expenses are reasonable and necessary given the circumstances surrounding the [r]eceivership"). And there has been no distribution to investors because the district court has not yet decided the Commission's claims.

4. Barton argues that the district court erred by permitting the receiver to continue his work after (1) the case was stayed for the parallel criminal proceeding and (2) *Barton I* was issued. Br. 39-47. But neither required the receiver to immediately halt his work.

The stay order provides that "[n]othing in this [o]rder shall preclude the . . . [r]eceiver from performing the duties and obligations, and from exercising the powers and rights, set forth in the [receivership order]." ROA.1252-53. And in *Barton I*, this Court made the vacatur of the first receivership effective not immediately but "90 days from the issuance of [its] mandate" "given the breadth of the receivership and the

possibility that a new receivership would cover some of the same entities." 79 F.4th at 580.

Finally, the district court's August 7, 2025 administrative closure (ROA.75-76) is not—as Barton claims (Br. 46-47)—an "admission" that the receiver's work should have previously been halted. The district court administratively closed this case "[i]n light of the 5.5 month continuance recently granted in Barton's related criminal case." ROA.75. And the administrative closure did not halt the receiver's work: "[N]othing in this [o]rder shall preclude the . . . [r]eceiver from performing the duties and obligations, and from exercising the powers and rights, set forth in the [receivership order]." ROA.75-76; *see Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (explaining that district courts use administrative closures "to remove from their pending cases suits which are temporarily active elsewhere . . . or stayed").

### E. Barton's challenges to the district court's subject matter jurisdiction are without merit.

Barton argues that the district court lacked subject-matter jurisdiction because the investments he offered and sold were not securities. Br. 27-31. That argument fails for the reasons this Court

explained in *Barton II.* 135 F.4th at 215-17. Barton also claims (Br. 31) that the district court improperly appointed a receiver over entities that had filed bankruptcy petitions, but 28 U.S.C. § 1334(e)(1), which grants the district court "*in rem* jurisdiction," *Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 483 (5th Cir. 2024), does not restrict the district court's ability to appoint a receiver under its existing authority, or deprive the district court of subject matter jurisdiction.

## CONCLUSION

The appeal should be dismissed for lack of jurisdiction.

Respectfully submitted,

J. RUSSELL MCGRANAHAN
*General Counsel*

JEFFREY A. BERGER
*Assistant General Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

February 9, 2026

## CERTIFICATE OF SERVICE AND FILING

I certify that on February 9, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system. Service on appellant Timothy Barton and counsel of record will be accomplished through the Court's CM/ECF system.

I further certify that this electronic filing is an exact copy of the paper document, that any privacy redactions have been made, and that this electronic filing was scanned for, and found to be free of, viruses.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: February 9, 2026

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,076 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: February 9, 2026