Timothy Barton
1846 E Rosemeade Pkwy, #232
Carrollton, TX 75007
Pro Se

April 15, 2026

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

*Via ECF*

Re: *SEC v. Barton*, No. 25-10871 — Response to Appellee's Rule 28(j) Letter

Dear Ms. Cayce,

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant Timothy Barton responds to the Commission's letter of March 31, 2026, citing *SEC v. Barton*, No. 24-10788, 2026 WL 821413 (5th Cir. Mar. 25, 2026), and the denial of certiorari in No. 25-465.

**First**, the opinion in No. 24-10788 does not control this appeal. That decision concerned jurisdiction over property-sale approvals and settlement ratifications. The order here is fundamentally different: it imposes a *prior restraint* on Barton's First Amendment right to petition by requiring judicial pre-clearance before he may file bar grievances or complaints against the receiver. Prior restraints on the right to petition are presumptively unconstitutional. *See Near v. Minnesota ex rel. Olson*, 283 U.S. 697, 713–14 (1931); *BE&K Constr. Co. v. NLRB*, 536 U.S. 516, 524–25 (2002) (right to petition extends to administrative proceedings).

An order imposing a prior restraint on constitutional rights satisfies the collateral-order doctrine because it (1) conclusively determines a disputed question—whether Barton may petition without prior judicial approval; (2) resolves an important issue completely separate from the merits

of the SEC's claims; and (3) is effectively unreviewable on appeal from final judgment, since the chilling effect operates *now* and cannot be remedied retroactively. *See* Barton II, 135 F.4th at 224–25 (collateral-order jurisdiction exists for orders with sufficient finality). The No. 24-10788 panel's framework—distinguishing "sale orders" from "non-sale administrative orders"—did not address whether an order restricting a party's constitutional petition rights falls outside the "administrative" category. That question was not before the panel.

The footnote 8 sanctions warning is limited to "further appeals from … non-sale administrative orders." An order imposing a prior restraint on First Amendment rights is not an administrative order—it is a constitutional deprivation requiring immediate review.

**Second**, the denial of certiorari in No. 25-465 is irrelevant (rehearing petition is under process). That petition challenged the underlying receivership order—not the pre-clearance requirement at issue here. Cert denials carry no precedential weight. *See* *Teague v. Lane*, 489 U.S. 288, 296 (1989).

Respectfully submitted,

*/s/ Timothy Barton*
Timothy Barton, Pro Se
1846 E Rosemeade Pkwy, #232
Carrollton, TX 75007

cc: Ezekiel L. Hill, Securities and Exchange Commission (via ECF)