**No. 25-10871**

# In the United States Court of Appeals for the Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee,*
*versus.*
TIMOTHY BARTON,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-CV-2118-X (Hon. Brantley Starr)

## RESPONSE OF DEFENDANT–APPELLANT TIMOTHY BARTON TO THE COURT'S ORDER TO SHOW CAUSE

**Timothy L. Barton**
*Pro Se Appellant*
1846 E Rosemeade Pkwy,
#232 Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me

# CERTIFICATE OF INTERESTED PERSONS

NO. 25-10871

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff-Appellee,
v.
TIMOTHY BARTON,
Defendant-Appellant

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1. 126 Villita LLC, receivership entity
2. 2999TC Acquisitions, LLC, receivership entity
3. 2999TC JMJ CMGR, LLC (Delaware), receivership entity
4. 3820 Illinois, LLC, interested party
5. Ackerman LLP, counsel for interested parties DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC
6. Adam and Reese LLP, counsel for interested party Bank of America, N.A.
7. Alexander, Daniel Rasoul, counsel for interested party Dhiraj Ramolia
8. AVG West, LLC, receivership entity
9. Badgley, Serena, interested party
10. Bank of America, N.A., interested party

11. Barbero, Megan, counsel for plaintiff-appellee Securities and Exchange Commission

12. Barton, Maximilien, interested party

13. Barton, Timothy, defendant-appellant

14. Baum, Nathan B., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, LLC, Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

15. BEE2019, LLC, receivership entity

16. Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission

17. Bird, Douglas Steven, counsel for interested party City of Frisco, Texas

18. BM318 LLC, receivership entity

19. Broadview Holdings Trust, receivership entity

20. Brown Fox PLLC, counsel for receiver Cortney C. Thomas

21. Buchholz, Robert W., counsel for interested party Southern Star Capital LLC

22. Cain & Skarnulis PLLC, counsel for interested party Serena Badgley

23. Capps, Aaron T., counsel for interested party Circle H Contractors LP

24. Capps and Associates PLLC, counsel for interested party Circle H Contractors LP

25. Carnegie Development, LLC, defendant and receivership entity

26. Carrillo, C. Alan, counsel for receiver Cortney C. Thomas

27. Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia

28. Chandler Law PC, counsel for interested party Dhiraj Ramolia
29. Chandler, Corinna P., counsel for interested party Dhiraj Ramolia
30. Chapple, Ryan E., counsel for interested party Serena Badgley
31. Cheves, P. Kyle, counsel for interested party McCormick 101, LLC
32. Circle H Contractors LP, interested party
33. Conley, Michael A., counsel for plaintiff-appellee Securities and Exchange Commission
34. Cooke, Chris, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC
35. Cox, Eric Angela Nealy, counsel for interested party HNGH Turtle Creek
36. Cox, Sarah M., counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC
37. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC
38. D4DS LLC, receivership entity
39. D4FR LLC, receivership entity
40. D4IN, LLC (Texas), receivership entity
41. D4KL LLC, receivership entity
42. D4MC, LLC (Texas), receivership entity
43. D4OP, LLC, receivership entity
44. Dentons US LLP, counsel for interested party McCormick 101, LLC

45. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC
46. DJD Land Partners, LLC, relief defendant and receivership entity
47. DLP Real Estate Capital, Inc. interested party
48. DLP Winter Haven Ventures, LLC, interested party
49. Edney, Michael J., counsel for defendant-appellant Timothy Barton
50. Enoch Investments LLC, receivership entity
51. Etri, James E., counsel for plaintiff-appellee Securities and Exchange Commission
52. FHC Acquisition LLC, receivership entity
53. Freda, Dominick V., counsel for plaintiff-appellee Securities and Exchange Commission
54. First Development Company of Ohio LLC, interested party
55. Fu, Haoqiang, defendant
56. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC
57. Gillespie Villas LLC, receivership entity
58. Gitlin, Jonathan Alexander, counsel for interested party First Development Company of Ohio LLC
59. Goldmark Hospitality LLC, receivership entity
60. Green, Gordon Welborne, counsel for interested party Truist Bank
61. Hale, Harlin D., counsel for ADR Provider
62. Hamilton, Spencer D., counsel for interested party McCormick 101, LLC

63. Heiskell, Michael P., counsel for defendant Stephen T. Wall
64. Hicks, Jr., George W., counsel for interested party HNGH Turtle Creek, LLC
65. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission
66. HNGH Turtle Creek, LLC, interested party
67. Holland & Knight LLP, counsel for defendant-appellant Timothy Barton
68. Hopper, Jr., James F., counsel for receiver Cortney C. Thomas
69. HR Sterling, LLC, receivership entity
70. Hunter, Renee M., counsel for intervenor United States of America
71. Hunton Andrews Kurth LLP, counsel for defendant-appellant Timothy Barton
72. Chinese Co-lenders
    1. Hong Guo
    2. Yijing Wu
    3. Nanjing Sun
    4. Kangying Mao
    5. Huaizhen Gao
    6. Wanwan Li
    7. Yue Xu
    8. Lan Ji
    9. Wei Xing
    10. Wenjun Wang
    11. Jie Zou

12. Jun Wang
13. Lin Li
14. Yunding Kang
15. Shuping Yang
16. ChangHua Lin
17. Pei Guan
18. Yulan Chen
19. Hairuo Yang
20. Xuegeng Gong
21. Haiming Xu
22. Aiguo Luo
23. Yi Tang
24. Xuezhen Cai
25. Jingqiu Tang
26. Qu Chen
27. Yue Zhang
28. Sun Zhang
29. Xiangdong Zhu
30. Yaohua Lin
31. Jiancheng Chen
32. Min Deng

33. Liying Mao

34. Zhongguo Feng

35. Liying Yang

36. Dan Wu

37. Ying Ding

38. Hanjiang Fu

39. Yuan Yuan

40. Hanjiang Fu

41. Hua Cai

42. Ruiling Xiao

43. Chenchen Jiang

44. Pengfei Dong

45. Xiaodong Hao

46. Xiaoquan Dai

47. Jialin Hu

48. Heng Zhang

49. Fang Ding

50. Lin Gao

51. Fei Gao

52. Qin Chu

53. Gang Xu

54. Ling Guan
55. Chao Xu
56. Weipeng He
57. Jianjin Li
58. Zhenhua Li
59. Qiao Qin
60. Ying Zhang
61. Jiaxiang Lu
62. Weijia Kong
63. Li Jang
64. Li wen Bian
65. Jun Li
66. Youhong Zhu
67. Rongping Wu
68. Yadan Liu
69. Rufeng Ding
70. Lin Zhou
71. Jinghui Ma
72. Yun Sun
73. Guoqin Zhou
74. Qiuying Li

75. Bingjie Xu
76. Shufang Luo
77. Tianqing Song
78. Ping Chen
79. Di Tang
80. Jin Wang
81. Fuqing Chen
82. Kui Wang
83. Weisi Wang
84. Yi Qu
85. Xiaomin Fan
86. Cunxiang Ji
87. Jinzhe Wu
88. Ruinian Wu
89. Wen Wu
90. Ou Jiang
91. Feng Yan
92. Mai Ye
93. Wenjuan Yin
94. Kai Tian
95. Ling Zhong

96. Sicheng Zhan

97. Yan Zhang

98. Ying Zhou

99. Jun Zeng

100. Peng Guo

73. JMJ Acquisitions LLC, receivership entity

74. JMJ Development LLC, receivership entity

75. JMJ Hospitality, LLC, receivership entity

76. JMJ VC Management, LLC, receivership entity

77. JMJAV, LLC, receivership entity

78. JMJD4, LLC (Delaware), receivership entity

79. JMR100 LLC, receivership entity

80. Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall

81. Johnston Clem Gifford PLLC, counsel for interested party Truist Bank

82. Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC

83. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC

84. Kearns, David T., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

85. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek, LLC

86. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC

87. Koonce, Charlene C., counsel for receiver Cortney C. Thomas

88. Lajolla Construction Management LLC, receivership entity

89. Law Office of Robert W. Buchholz PC, counsel for interested party Southern Star Capital LLC

90. LC Aledo TX, LLC, receivership entity

91. LDG001, LLC, relief defendant and receivership entity

92. Lesser, Joshua A., counsel for interested party Bank of America, N.A.

93. Light, Barbara, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

94. Linebarger Goggan Blair & Sampson, LLP, counsel for interested party City of Frisco, Texas

95. Louisiana National Bank, interested party

96. Lynco Ventures, LLC, receivership entity

97. Mansion Apartment Homes at Marine Creek, LLC, receivership entity

98. Marine Creek SP, LLC, receivership entity

99. Marine Creek Ventures, LLC, interested party

100. McCormick 101, LLC, interested party

101. Mitchell, Jonathan F., counsel for defendant-appellant Timothy Barton

102. MFO Venus Development, LLC, interested party

103. MO 2999TC, LLC, receivership entity

104. Moeller, Evan A., counsel for interested party Bank of America, N.A.

105. Moss & Associates, LLC, counsel for interested party MFO Venus Development LLC

106. Munsch Hardt Kopf & Harr, P.C., counsel for interested party The Dixon Water Foundation

107. MXBA LLC, interested party

108. Napoli, Michael D., counsel for interested parties DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC

109. Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC

110. Nicholson, Jill L., counsel for interested party McCormick 101, LLC

111. Norred, Soloman George, counsel for defendant-appellant Timothy Barton

112. Norred, William V., counsel for defendant-appellant Timothy Barton

113. Norred Law, PLLC, counsel for defendant-appellant Timothy Barton

114. Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.

115. Norris, Jeffrey Blair, counsel for interested party Southern Properties Capital, Ltd.

116. Northstar PM, LLC (Texas), receivership entity

117. Norton Rose Fulbright US LLP, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities

Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

118. O'Connell, Sean B., counsel for defendant-appellant Timothy Barton

119. Orchard Farms Ventures, LLC, interested party

120. Orchard Farms Village LLC, receivership entity

121. Palisades-TC, LLC, interested party

122. Patton, Jonathan R., counsel for interested party Palisades-TC, LLC

123. Peckar & Abramson, counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

124. Perry, Deborah M., counsel for interested party The Dixon Water Foundation

125. Pioneer Finance, Inc., interested party

126. Polsinelli PC, counsel for interested party McCormick 101,

127. Ramer, Samuel, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

128. Ramolia, Dhiraj, interested party

129. Ridgeview Addition, LLC (Texas), receivership entity

130. Roossien, Jr., Dennis L., counsel for interested party The Dixon Water Foundation

131. Rose, Shirley B., counsel for interested party Texas Republic Bank, N.A.

132. Scheef & Stone, L.L.P., counsel for interested party Texas Republic Bank, N.A.

133. Schurr, Patrick J., counsel for interested party Texas Republic Bank, N.A.

134. Scott, John B., counsel for interested party Pioneer Finance, Inc.

135. Scott & Scott, PLLC, counsel for interested party Pioneer Finance, Inc.

136. Seagoville Farms, LLC, receivership entity

137. Securities and Exchange Commission, plaintiff-appellee

138. SF Rock Creek, LLC, receivership entity

139. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.

140. Shamoun, C. Gregory, counsel for interested party Southern Properties Capital, Ltd.

141. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia

142. Slim, Jules P., counsel for defendant-appellant Timothy Barton

143. Sosland, Martin Allen, counsel for interested party Louisiana National Bank

144. Southern Properties Capital, Ltd., interested party

145. Southern Star Capital LLC, interested party

146. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC

147. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC

148. Taylor, Clay M., counsel for interested party McCormick 101, LLC

149. Tamamoi, LLC, interested party

150. TC Hall, LLC, receivership entity

151. Texas Republic Bank, N.A., interested party
152. The Dixon Water Foundation, interested party
153. Thomas, Cortney C., receiver
154. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC
155. Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, receivership entity
156. TRTX Properties LLC, interested party
157. Truist Bank, interested party
158. United States of America, intervenor
159. Venus59 LLC, receivership entity
160. Vertical Street Ventures, LLC, interested party
161. Villita Development, LLC, receivership entity
162. Villita Towers LLC, receivership entity
163. Wall, Stephen T., defendant
164. Wall007, LLC, defendant and receivership entity
165. Wall009, LLC, defendant and receivership entity
166. Wall010, LLC, defendant and receivership entity
167. Wall011, LLC, defendant and receivership entity
168. Wall012, LLC, defendant and receivership entity
169. Wall016, LLC, defendant and receivership entity
170. Wall017, LLC, defendant and receivership entity
171. Wall018, LLC, defendant and receivership entity

172. Wall019, LLC, defendant and receivership entity

173. Waller, Greg, counsel for Hunton Andrews Kurth LLP, counsel to defendant-appellant Timothy Barton

174. Wells, Tim, counsel for receiver Cortney C. Thomas

175. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC

176. Winstead PC, counsel for interested party Vertical Street Ventures, LLC

177. WRL2019, LLC (Texas), receivership entity

The undersigned counsel certifies that the above list includes all persons, associations of persons, firms, partnerships, or corporations that have a financial interest in the outcome of this appeal as required by Fifth Circuit Rule 28.2.1.

*/s/Timothy L. Barton*
Timothy L. Barton,
Pro Se Appellant
Date: June 29, 2026

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** .................................................. ii

**TABLE OF CONTENTS** .................................................. xviii

**INTRODUCTION** .................................................. 1

**I. The governing standard distinguishes an unsuccessful appeal from a frivolous one.** .................................................. 1

**II. This appeal raised a colorable, good-faith jurisdictional question grounded in controlling precedent and in the Commission's own characterization of the challenged order.** .................................................. 2

**III. This appeal predated the Court's warning, and its continuation reflected good faith rather than defiance.** .................................................. 4

**IV. Mr. Barton's appellate history reflects legitimate—and at times successful advocacy.** .................................................. 5

**V. Pro se status and proportionality counsel against monetary sanctions.** 6

**CONCLUSION** .................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) .................. 3
*Carson v. American Brands, Inc.*, 450 U.S. 79, 83–84 (1981) .................... 2, 3, 6, 7
*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) .................. 6
*Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010) ........................... 1, 3, 7
*SEC v. Barton*, 135 F.4th 206, 221 (5th Cir. 2025) .................. 5
*SEC v. Barton*, 170 F.4th 938, 946 n.8 (5th Cir. 2026) .................. 4
*SEC v. Barton*, 79 F.4th 573 (5th Cir. 2023) .................. 5
*SEC v. Barton*, No. 24-10788 (5th Cir. Mar. 25, 2026) .................. 5

**Statutes**

28 U.S.C. § 1292(a)(1) .................. 2
28 U.S.C. § 1292(a)(2) .................. 3, 5

**Rules**

Fed. R. App. P. 32(a)(5)–(6) .................. 9
Fed. R. App. P. 32(f) .................. 9
Fed. R. App. P. 38 .................. passim
Fifth Circuit Rule 28.2.1 .................. ii

**Constitutional Provisions**

U.S. Const. amend. I .................. 3
U.S. Const. amend. VI .................. 6

# INTRODUCTION

Pursuant to the Court's May 18, 2026 Order and the extension of time granted through June 29, 2026, Defendant–Appellant Timothy Barton, appearing *pro se*, respectfully submits this response to the Court's direction that he show cause why this appeal should not be deemed frivolous and why sanctions should not be imposed under Federal Rule of Appellate Procedure 38.

At the outset, Mr. Barton does not seek to relitigate that ruling, and he does not use this response to reargue the merits of the underlying receivership. He writes only to address the two questions the Court has posed: whether this particular appeal was frivolous, and whether sanctions should issue. Measured against the governing standard, Mr. Barton respectfully submits that the answer to each is no.

Three considerations, taken together, show that this appeal was not frivolous and that sanctions are unwarranted. First, the appeal raised a colorable, good-faith jurisdictional theory anchored in controlling Supreme Court precedent and in the Commission's own characterization of the challenged order. Second, this appeal was filed *before* the Court issued the warning on which the show-cause order principally rests, and its continuation reflected a *pro se* litigant's good-faith. Third, Mr. Barton's appellate history, viewed as a whole, reflects legitimate and at times successful advocacy.

## I. The governing standard distinguishes an unsuccessful appeal from a frivolous one.

An appeal is frivolous only "if the result is obvious or the arguments of error are wholly without merit." *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010). Both formulations set a demanding threshold. An appeal is not frivolous merely because it is unsuccessful, nor even because it is dismissed for lack of jurisdiction; the question is whether the position advanced had *any* arguable basis in

law and fact. Consistent with that high bar, the sanction authorized by Rule 38 is discretionary—the Court "may" award damages and costs "*if*" it determines that an appeal is frivolous, Fed. R. App. P. 38—and it is reserved for appeals that present no genuinely contestable question. As shown below, this appeal does not meet that standard.

## II. This appeal raised a colorable, good-faith jurisdictional question grounded in controlling precedent and in the Commission's own characterization of the challenged order.

The order Mr. Barton challenged was not a routine, midstream housekeeping order of the kind ordinarily entered in the day-to-day administration of a receivership. It was a first-of-its-kind modification of an already employed receivership order that required Mr. Barton—and his counsel, and "all persons receiving notice"—to "obtain leave of the [c]ourt before filing any grievance or complaint with any state bar, or any such complaint as would require the [r]eceiver or his counsel to expend the assets of the [r]eceivership estate in defense." ROA.18996.

On its face, that directive operates *prospectively* to restrain Mr. Barton's future conduct—the defining characteristic of an injunction. Mr. Barton therefore invoked 28 U.S.C. § 1292(a)(1), relying on *Carson v. American Brands, Inc.*, 450 U.S. 79, 83–84 (1981), which holds that an interlocutory order carrying the "practical effect" of an injunction—one with "serious, perhaps irreparable, consequences" that can be "effectually challenged" only by immediate appeal—is appealable under § 1292(a)(1). That is the very framework the panel applied in resolving this appeal.

Critically, that theory was not conjured from nothing. The Commission *itself* characterized the challenged measure as a "pre-filing injunction" and defended it

under the body of law governing pre-filing injunctions. See SEC Br. 12 (invoking "the power to impose a pre-filing injunction in the appropriate factual circumstances" (quoting *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008))). When the prevailing party defends the challenged order *as* an injunction—and grounds that defense in this Court's pre-filing-injunction jurisprudence—an appellant's good-faith belief that the same order is appealable *as* an injunction under § 1292(a)(1) cannot fairly be called "wholly without merit."

The First Amendment dimension of the order reinforced the reasonableness of seeking immediate review. A requirement of advance judicial leave before a litigant may file a bar grievance or a court complaint restrains the right to petition; an order of that character is precisely the kind whose "serious, perhaps irreparable, consequences" *Carson* contemplates may be "effectually challenged" only on immediate appeal. 450 U.S. at 84. Whether or not that view ultimately prevailed, it was a serious argument seriously made.

The Court ultimately concluded that the pre-clearance requirement is a "case-management tool" rather than an injunction within § 1292(a)(1), and that the receivership-specific provision in § 1292(a)(2) likewise did not reach it. But the line between an immediately appealable injunction and a non-appealable case-management measure is a genuinely contestable one, on which reasonable litigants and jurists can differ. An appellant who locates his appeal squarely within *Carson*'s framework—and within the opposing party's own description of the order—has advanced a position with arguable merit. That is the opposite of frivolousness under *Howard*.

## III. This appeal predated the Court's warning, and its continuation reflected good faith rather than defiance.

The show-cause order rests substantially on the Court's prior caution that "[f]urther appeals from sale orders or non-sale administrative orders will be viewed with skepticism and will incur sanctions if deemed frivolous." Order 4 (quoting *SEC v. Barton*, 170 F.4th 938, 946 n.8 (5th Cir. 2026)). As the Court fairly acknowledged, however, "this appeal was filed *before* that warning issued." Order 4.

Mr. Barton noticed this appeal on July 22, 2025. ROA.19224-27. A litigant cannot be faulted for failing to heed a warning that did not yet exist; the only decision that any warning could have deterred—the decision to take the appeal—was made before any such warning was on the books. To sanction Mr. Barton for taking an appeal that was, at the moment of filing, unaccompanied by any caution against it would be to apply the warning retroactively.

The Court also notes that Mr. Barton did not withdraw the appeal after the warning issued. Mr. Barton respectfully offers the following context. By the time the warning issued, this appeal had been docketed and was proceeding to full briefing; the Commission filed its merits brief on February 9, 2026, and represented that oral argument was unnecessary because the issues were controlled by settled law and adequately presented on the briefs. SEC Br. (Statement Regarding Oral Argument). Faced with an appeal that was already submitted for decision, Mr. Barton—who litigates this matter *pro se*—believed in good faith that the orderly course was to permit the fully briefed appeal to be decided, rather than to burden the Court with yet another filing.

## IV. Mr. Barton's appellate history reflects legitimate—and at times successful advocacy.

The Court counts thirteen receivership-related appeals over three years. That figure reflects the extraordinary breadth of this receivership—which at its inception swept in more than 160 of corporate entities and Mr. Barton's residence, his son's entities and family trusts—and the continuous stream of separately appealable, orders that such a receivership generates – solely for a fire sale activity without the due process, self enrichment and liquidation for pennies against dollars, all while a parallel criminal prosecution and a pending petition for certiorari place Mr. Barton's liberty and property simultaneously at stake.

Just as important, Mr. Barton's appeals have not been uniformly meritless. In *SEC v. Barton*, 79 F.4th 573 (5th Cir. 2023) (*Barton I*), this Court *vacated* the original receivership, holding that the district court had applied the wrong legal test and had erred by sweeping in entities without finding that they received or benefited from funds traceable to the alleged fraud. *Id.* at 580–81. The "received or benefited from" standard that now governs the receivership's scope is the very standard this Court adopted at Mr. Barton's urging. See *SEC v. Barton*, 135 F.4th 206, 221 (5th Cir. 2025) (*Barton II*). A litigant whose appeals have produced a circuit-level vacatur and a governing legal rule is not the paradigmatic vexatious filer at whom Rule 38 is directed.

Other of Mr. Barton's appeals concerned sale and disposition orders over which interlocutory jurisdiction *is* established under 28 U.S.C. § 1292(a)(2), and this Court has reached and decided their merits—most recently affirming the sale of the Hall Street property on the merits. See *SEC v. Barton*, No. 24-10788 (5th Cir. Mar. 25, 2026). That this Court has repeatedly reached the merits of Mr. Barton's appeals confirms that his appellate activity, taken as a whole, is not a campaign of frivolous

filings, but the response of a litigant contesting orders of real, irreparable and immediate consequence to substantial property interests.

## V. Pro se status and proportionality counsel against monetary sanctions.

Mr. Barton litigates this appeal *pro se*. Pro se status confers no license to file frivolous appeals, but courts construe *pro se* filings liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and exercise particular care before imposing monetary sanctions on a self-represented litigant who has proceeded in good faith. While Mr. Barton is proceeding Pro Se which is not by choice rather this self representation has been imposed through seizing of anything and everything by the court employed receiver, leaving no resources for the defendant to hire the counsel of his choice, violating the sixth amendment right. The reasonableness of Mr. Barton's jurisdictional theory—anchored in *Carson* and in the Commission's own "pre-filing injunction" characterization—places this appeal well outside the narrow category of filings for which Rule 38 sanctions are reserved.

The marginal burden imposed by this single appeal is, moreover, modest. The Commission elected to file a merits brief and expressly waived oral argument, and neither the Commission nor the receiver has identified any quantified harm to the receivership estate attributable to this appeal beyond the ordinary cost of briefing.

Most important, a monetary sanction is not necessary to serve its deterrent purpose. The Court has now made its expectation explicit, and Federal Rule of Appellate Procedure 38 independently authorizes sanctions for any future appeal that is in fact frivolous. A sanction imposed on this non-frivolous, pre-warning appeal would therefore add nothing to the deterrent that the Court's warning already supplies, while penalizing a good-faith effort to obtain review of an order that

restrained Mr. Barton's exercise of a constitutional right. Proportionality counsels against imposing one here.

## CONCLUSION

For the foregoing reasons, Mr. Barton respectfully submits that this appeal was not frivolous within the meaning of *Howard v. St. Germain* and Federal Rule of Appellate Procedure 38, and that sanctions should not be imposed. Should the Court nonetheless conclude that some response is warranted, Mr. Barton respectfully requests that any sanction be limited to an admonition, in light of his *pro se* status, his good-faith reliance on *Carson* and on the Commission's own characterization of the challenged order, and the fact that this appeal preceded the Court's warning.

Respectfully submitted,

Dated: June 29, 2026

*/s/ Timothy L. Barton*
**Timothy L. Barton**
*Pro Se Appellant*
1846 E. Rosemeade Pkwy.,
#232 Carrollton, TX 75007
Tel: (214) 673-8714
Email: Timothy.Barton@proton.me

**CERTIFICATE OF SERVICE**

I certify that on June 29, 2026, I electronically filed the foregoing Response with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, including upon counsel of record for Plaintiff–Appellee Securities and Exchange Commission.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

## CERTIFICATE OF COMPLIANCE

1. This Response complies with the applicable type-volume limitation. Excluding the parts exempted by Fed. R. App. P. 32(f), it contains approximately **1801** words, which is within the limit applicable to a response of this kind.

2. This Response complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in a proportionally spaced, serif typeface—Times New Roman—in 14-point type.

*/s/ Timothy L. Barton*
**Timothy L. Barton**